LEMMON, Judge.
This is an appeal from the dismissal of an action to annul a default judgment which had granted the husband’s reconventional demand for separation based on abandonment.
On February 1,1978 Mrs. Albrecht filed a petition for separation based on cruelty. *522 On February 22, 1978 her husband filed an answer and reconventional demand for separation, denying the cruelty and alleging that Mrs. Albrecht had abandoned him without lawful cause.
On April 26, 1978 Mr. Albrecht’s counsel entered a preliminary default, and the judgment was confirmed on May 4, 1978. At the confirmation hearing the attorney, when questioned by the court about communication with the wife’s counsel of record, stated:
“No. I have called his office. I never received any correspondence back from him.
“Mr. Albrecht and his wife have talked and want to amicably settle this matter to go forward.
“They may reconcile or they may not. At this point they want to minimize the legal fees involved in this.”
In June, 1978 the wife filed a petition for nullity of the default judgment, alleging (1) “the issues are joined and should not be subject to a judgment through default by one of the parties” and (2) the attorney^, and parties had contemplated an amicable resolution of the issues so that obtaining a default judgment without notice was an improper action.
At the trial of the nullity action Mrs. Albrecht denied that she and her husband had agreed to let the matter go by default, as represented at the confirmation. The husband did not remember telling his lawyer they had reached such an agreement, but he also specifically denied he had ever agreed to withhold action on the reconven-tional demand. The trial court concluded that, since there had never been any communication between the lawyers, Mr. Al-brecht could properly obtain a default judgment with notifying counsel of record for his wife.
Mrs. Albrecht’s first contention on appeal addresses the validity of the default judgment. C.C.P. art. 2002 authorizes annulment of a default judgment against a defendant when no valid judgment by default has been taken.
When a defendant in an incidental action fails to answer within the time prescribed by law, judgment by default may be rendered against him. C.C.P. art. 1701. Here, although Mrs. Albrecht did not file a pleading labeled as an answer to the recon-ventional demand for separation based on abandonment without lawful cause, she had previously filed a pleading alleging the fact of her husband’s cruelty, which constitutes lawful cause for leaving the matrimonial domicile. In this jurisdiction which adheres to fact pleadings, it is evident that facts were pleaded by Mrs. Albrecht which denied her husband’s entitlement to a separation grounded on abandonment. The codal provisions governing default judgments contemplate that issue has not been joined except by entry of preliminary default. Moreover, since the Code mandates every pleading shall be construed so as to do substantial justice, the original petition under the circumstances of this case may justifiably be construed as an answer generally denying the reconventional demand. Accordingly, there was no valid judgment by default, and the judgment must be annulled.[1]
The judgment of the trial court in the nullity action is reversed, and it is now ordered that judgment be rendered annulling the default judgment of May 4, 1978. Assessment of costs will await further disposition.

REVERSED AND RENDERED.

BOUTALL, J., concurs and assigns reasons.

. We thus do not reach Mrs. Albrecht’s second contention of nullity based on ill practice.