DOUCET, Judge.
This separation case involves a default judgment, rendered in favor of Edward C. Lamb, plaintiff-appellee, against his wife Janet Lamb, defendant. Defendant appeals, alleging that the trial judge erred in *245 refusing to grant a new trial on peremptory grounds that the verdict was contrary to law and evidence and secondly, that due to the attorney neglect involved, the trial court erred in finding no discretionary grounds for a new trial. We affirm.
The undisputed facts of the case are as follows: The parties were married in 1967. On November 7, 1980, through her attorney Lawrence Shallcross, Mrs. Lamb filed a Petition for Separation From Bed and Board alleging abandonment and cruel treatment by her husband. Incidental demands for injunctive relief and alimony pendente lite in the amount of $8,000 per month were also part of the suit prepared by petitioner’s attorney. Ten days subsequent to the filing of Mrs. Lamb’s suit for separation, on November 17, 1980, her husband, Edward C. Lamb, through his attorney, J. Minos Simon, filed a separate lawsuit seeking separation from bed and board alleging cruel treatment and constructive abandonment by his wife. At the same time the husband’s attorney began negotiations to settle both suits amicably. Meanwhile, a restraining order was obtained and thereafter extended. Mr. Lamb’s lawsuit was served on Mrs. Lamb on November 19, 1980.
Meetings were subsequently held between the parties the following December and February in an attempt to reach a possible settlement of the lawsuits. Thereafter, on February 18, 1981, by telephone conference between attorneys, a reciprocal preliminary injunction was discussed and agreed upon. On February 23, 1981 that judgment, pursuant to the agreements of the parties, was signed by the trial judge. On March 2,1981, Mrs. Lamb and her attorney mutually agreed that she would seek new counsel due to their problems in communication. At the time no answer had been filed to Mr. Lamb’s lawsuit and Shall-cross had failed to have his client’s petition served on Mr. Lamb,[1] all of which was unknown to Mrs. Lamb.
Subsequently, by letter dated March 5, 1981, Mr. Simon requested that Mr. Shall-cross file an answer to Mr. Lamb’s lawsuit since, in his opinion, negotiations had been unsuccessful. Mr. Shallcross did not reply to this letter nor did he forward it to Mrs. Lamb with her file materials.
On March 16, 1981, Mr. Shallcross sent a Motion to Withdraw as Counsel of Record in Mrs. Lamb’s lawsuit. He was notified by the Lafayette Parish Clerk of Court that the order would not be signed and filed until additional funds were received. Mr. Shallcross did not respond.
On March 25, 1981, an oral preliminary default was taken by Mr. Lamb’s attorney in the husband’s suit. The following day Mrs. Lamb departed on a long-planned vacation to Las Vegas, oblivious to the preliminary default entered the day before.
On April 7, 1981 appellee’s present counsel, Shelton and Legendre, was retained. The following morning the preliminary default, taken March 25,1981, was confirmed. Seven days later a Motion for New Trial was filed on behalf of Mrs. Lamb by Mr. Legendre pursuant to LSA-C.C.P. Art. 1972(1). The motion was denied. From that denial Mrs. Lamb appeals.
We first address appellant’s contention that peremptory grounds exist for avoidance of the default judgment. LSA-C.C.P. Art. 1701 provides in pertinent part that if a defendant in the principal or incidental action fails to answer within the time prescribed by law, a judgment by default may be rendered against him. Appellant contends that her previously filed petition sufficed as an answer to Mr. Lamb’s lawsuit. The only case which defendant cites for this proposition is Albrecht v. Albrecht, 376 So.2d 521 (La.App. 4th Cir. 1979) wherein our brothers of the Fourth Circuit held the allegations of plaintiff’s petition were sufficient to constitute an answer to defendant’s reconventional demand such that a valid default judgment could not be rendered on the incidental demand. With *246 out approving of Albrecht we find it distinguishable inasmuch as there was no pleading whatsoever filed in the case at bar. We refuse to re-write the Code of Civil Procedure to appellant’s pleasing. The assignment of error lacks merit.
Alternatively, appellant asserts that Mr. Lamb did not establish a prima facie case of fault as required by LSA-C. C.P. Art. 1702. Appellee alleged as grounds of cruelty that his wife had told him and others that she no longer loved him and demanded he vacate the family home. Appellant does not contest the classification of the above allegations as cruel treatment within the meaning of LSA-C.C. Art. 138, but instead questions the sufficiency of plaintiff’s proof thereof. Mr. Lamb’s testimony substantiated his allegations and corroborating witnesses attested to the fact that Mr. and Mrs. Lamb had not been living together. Appellee properly points out that hearsay evidence does not sustain the burden of proving a prima facie case, however, plaintiff’s testimony, with the exception of appellee’s statements to others, was based upon personal knowledge. Defendant attempts to dismiss Mr. Lamb’s testimony as self-serving, yet all evidence presented by a litigant on his behalf serves his interest, thus the crux of appellant’s complaint is the credibility assigned plaintiff’s testimony by the trial judge. Firmly engrained in our jurisprudence is that, due to the trier of fact’s superior opportunity to assess the credibility of witnesses, his evaluations thereof will not be disturbed absent manifest error. Equally well established is that in reviewing a default judgment an appellate court is restricted to a determination of sufficiency of the evidence offered in support of the judgment. We conclude appel-lee established a prima facie case by competent evidence.
Turning to appellant’s contention that discretionary grounds exist for vacating the default judgment, we note that LSA-C.C.P. Art. 1973 provides that a new trial may be granted in any case if there is good ground therefor. The granting or refusal of a motion for new trial based on discretionary grounds is within the discretion of the trial judge and his action will not be disturbed on appeal unless it clearly appears that the trial judge abused his discretion. Hardy v. Kidder, 292 So.2d 575 (La.1974); Autin v. Allstate Ins. Co., 402 So.2d 219 (La.App. 1st Cir. 1981). Accordingly, the question becomes whether good grounds existed, and if so, whether the trial judge abused his discretion in denying the motion for new trial.
Mrs. Lamb urges that she should not be penalized because of the oversight of her original counsel inasmuch as she was unaware of her attorney’s failure to answer and he did not impart the necessity of answering timely prior to termination of their employment relationship. In support of her position appellant cites Hardy v. Kidder, 292 So.2d 575 (La.1974) wherein defendant initially appeared by counsel and secured a stay of proceedings in the personal injury action pending determination of discharge in bankruptcy court. Thereafter defendant received a discharge of said debt, nonetheless plaintiff, without notice to defendant, proceeded to take a preliminary default and confirm it. Our Louisiana Supreme Court held that, under the circumstances, the failure of defendant’s counsel to answer and assert the absolute defense of discharge constituted “good ground” for granting a new trial.
We consider Hardy to be inapposite for several reasons. First, the enforceability of a judgment relative to a debt previously discharged in bankruptcy is highly questionable. See 11 U.S.C.S. 524(1). Indeed, plaintiff Hardy may have been subject to damages for malicious prosecution if he had knowledge of the debt’s discharge. Gore v. Gorman’s, Inc., 143 F.Supp. 9 (1956, D.C.Mo.). In the present case there was no appearance by defendant and no stay order was obtained which would render a subsequent default judgment void. Mr. Lamb only exercised his legal rights and did so in strict conformity with all the requirements of law. And though notice to defendant is not required by law, such is relevant to determination of whether, in the interests of justice, discretionary grounds exist for *247 the grant of a new trial. Hardy v. Kidder, supra, at 579. In this respect we note that plaintiff did not send notice of intention to default per se, however he did request that defendant file an answer as negotiations had, in his opinion, failed.
Rule 20(B), Fifteenth Judicial District Rules of Court, provides:
“Section B. When a suit for separation from bed and board has been filed in this district and a subsequent action for separation or divorce (and/or any other ancillary proceedings directly connected with the original suit) is filed thereafter, the subsequent action shall be filed in the original proceeding. Thus, the judge originally assigned the matter shall continue with the proceeding until it is drawn to a conclusion.”
As counsel did not request dismissal of the latter filed suit nor consolidation with appellant’s suit, we find, as did the trial judge, that counsel’s misplaced reliance on Rule 20(B) does not constitute “good ground” for a new trial.
In denying the motion, the trial judge stated:
“The Court finds it was defendant’s own neglect which enabled plaintiff to take the default judgment. Defendant was negligent in not retaining a new attorney sooner. Testimony showed defendant dismissed her former attorney on roughly March 2,1981 and did not engage new counsel until April 7, 1981. Defendant had her file since March 16, 1981 and it should have been evident to her an answer had not been filed in this suit. Though defendant’s former counsel may have been amiss in not discussing the status of her case with defendant and in not pointing out no answer had been filed, this was superseded by defendant’s failure to obtain counsel more promptly. Defendant knew she needed a lawyer and was unreasonable in relying on her former lawyer and thinking she was still “protected”.”
Apparently, appellant placed a higher priority on traveling to Las Vegas than securing new counsel. She was not ignorant of the legal process, she simply elected to pursue her recreational interests. We find the case to fall under the rule of DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951), as expounded upon in Hardy v. Kidder, supra:
“Insofar as the opinion shows, the cause of his nonappearance prior to the confirmation to the default was his own neglect in appearing or in retaining an attorney, rather than any reasonable reliance by him upon a neglectful attorney timely retained.” 292 So.2d 579.
For the reasons set forth above, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Although the petition had not been served on Mr. Lamb, his attorney had been served with temporary restraining order.