FRED W. JONES, Jr., Judge.
Thirteen year old Bobby Bennett was thrown to his death when the pickup truck in which he was a passenger went out of control. William Bennett and his former wife, Johnnie Lucy, filed separate suits (consolidated for trial) seeking wrongful death and survival damages from the minor driver’s parents, their liability insurer (State Farm), and Bennett’s underinsured motorist (UM) carrier (Valley Forge). Mrs. Lucy and Valley Forge both sued Bennett, alleging that he had cashed a check from Valley Forge made payable to him and his ex-wife jointly by forging Mrs. Lucy’s endorsement. Before trial the driver’s parents were released. Both insurance companies stipulated liability to the extent of their policy limits: $10,000 for State Farm and $5,000 for Valley Forge. The trial was limited to determining the proper disbursement of funds.
The trial judge ruled that the damages should be split evenly between the parents; consequently, he granted judgment in favor of Mrs. Lucy for $5,000 against State Farm and $2,500 against Valley Forge. He granted judgment for Bennett against State Farm in the amount of $5,000 and he granted judgment for Valley Forge against Bennett in the amount of $2,500. Bennett appealed. Mrs. Lucy answered the appeal seeking an increase in her award and damages for frivolous appeal. State Farm and Valley Forge have not appealed. We affirm for the following reasons.
Bennett has specified two errors by the trial court. First, he claims that the trial judge should have found that Mrs. Lucy had abandoned her son and'therefore was entitled to only nominal damages. Second, he requests that the funeral expenses paid by him be subtracted from the proceeds before division.
The first question is one of fact: whether Mrs. Lucy “abandoned” her son, or more properly, whether she showed by her actions that she did not love her son. The trial judge unequivocably found that both parents loved their son and spent a great deal of time with him. Furthermore, the judge found that the separation of mother and son was difficult for both of them and caused them both grief. The record supports these findings of fact, consequently the damages suffered by the parents cannot be assessed differently.
The second issue is not properly before this court. Special damages must be pleaded. La.Code of Civil Procedure Article 861. Bennett did not ask for funeral expenses in his petition and the attempt to admit any such evidence at trial met timely *90 objection. The trial judge correctly refused to award Bennett funeral expenses.
We are cognizant of the possible issues as to the characterization of the $15,000 as either wrongful death or survival damages and the effect that this characterization might have on the disposition of the funds from the UM policy. However, these issues were not briefed or raised on appeal. “The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.” Uniform Rules of Courts of Appeal, Rule 1-3. The interest of justice does not require us to consider these issues.
Finally, no grounds have been alleged or can be ascertained that would justify an increase in damages to Mrs. Lucy. Likewise, she is not due damages for frivolous appeal. Damages for frivolous appeal are only awarded when it clearly appears that the appeal was taken for the purpose of delay or that counsel for the appellant does not seriously believe his legal position. Gunderson v. Libby Glass, 412 So.2d 656 (La.App. 2d Cir.1982); La.C. C.P. 2164. There is no evidence in the record that this appeal was taken merely for delay purposes, nor is there any reason to believe that appellant’s counsel was insincere in his legal argument.
In summary, the trial court did not err when it adjudged that both parents loved their son equally. The court was also correct when it did not award funeral expenses that were not pleaded. Mrs. Lucy is not entitled to an increase in damages and her claim that the appeal is frivolous is without merit. Consequently, we affirm the trial court judgment, with costs of appeal assessed to appellant.