530 So.2d 1231 (1988)
James E. SANGID d/b/a Rick's Rings N' Things, Appellee,
v.
Oma G. FLEMING, Appellant.
No. 19726-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
*1232 Jack H. Kaplan, Shreveport, for appellee.
Oma G. Fleming, in pro. per.
Before HALL, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is a suit to recover on bad checks given for merchandise. Defendant, Oma Fleming, appeals a default judgment in favor of plaintiff, James E. Sangid d/b/a Rick's Rings N' Things, in the amount of $15,548.20 plus 25% attorney fees. Plaintiff did not appeal or answer the appeal; however, he did file a motion to dismiss the appeal. We amend the judgment, reducing the award and striking the attorney fees, and affirm.
On March 9, 1987 Mr. Fleming bought two rings, some loose diamonds, and a watch from Rick's Rings N' Things. The invoice shows a total price due, including sales tax, of $15,548.20. Mr. Fleming wrote two checks to Rick's on that date in payment of the jewelry, one for $5,000.00 and one for $9,463.44. Both checks were returned marked "account closed." Mr. Sangid testified that he had made repeated calls to Mr. Fleming, but received no satisfaction. He sent Mr. Fleming two certified demand letters on March 30, 1987. Mr. Sangid filed suit June 2, 1987, asking for $15,548.20 plus 25% attorney fees. On June 26, 1986 Mr. Sangid entered a default judgment. LSA-C.C.P. 1701. After a hearing, the default judgment was confirmed on July 1, 1987. LSA-C.C.P. 1702.
At the confirmation hearing Mr. Sangid testified to the circumstances surrounding the transaction, and introduced into evidence the invoice, the two checks marked "account closed," and copies of the two certified demand letters. At the close of the hearing the judge granted the plaintiff judgment for $15,548.20 plus 25% attorney fees.
Mr. Fleming appealed devolutively in proper person alleging:
(1) the suit did not contain any proof of documentation, i.e., copies of the checks or copies of the invoices;
(2) the facts alleged by Mr. Sangid in court were false; and
(3) Mr. Sangid received a $3,000.00 cash payment in May, 1987 for which he never gave credit.
Plaintiff filed a motion to dismiss the appeal, alleging both that appellant's brief failed to comply with the rules of this court, and that the appeal is frivolous and appellee is entitled to damages, costs, and attorney fees. This court earlier denied the motion to dismiss, referring the question of frivolous appeal to the merits.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. In reviewing a default judgment an appellate court is restricted to a determination of sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Ins. Co., 480 So.2d 919 (La.App. 2d Cir.1985). In order to obtain reversal of *1233 a default judgment appellant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Brown v. Trinity Ins. Co., supra.
Defendant's first assignment of error, in which he contends that the suit contained no documentation, has no basis in the record. Copies of the checks were attached to the plaintiff's petition and, at the confirmation hearing on July 1, 1987, Mr. Sangid filed in evidence copies of the two demand letters, the invoice, and the two checks. There is no merit in this first argument.
Fleming's second and third assignments of error allege inaccuracies in the evidence presented at the hearing below. His specific allegations cannot be addressed here because, as stated above, our review is limited to a determination of the sufficiency of the evidence entered below. Brown v. Trinity Ins. Co., supra. After reviewing the record, we conclude that the evidence adduced below, Mr. Sangid's testimony, the invoice, and the returned checks, was sufficient to support a money judgment in favor of plaintiff, but only for the amount of the returned checks, $14,463.44. The invoice itself clearly states that Rick's agreed to pay the sale tax of $1,084.76, which accounts for the difference between the sum of the two checks (the price of the jewelry, $14,463.44), and the invoice total ($15,548.20). This was a suit to collect bad checks, not on open account.
Although appellant does not contend in his specifications of error that the attorney fees were improperly awarded, this court has the authority under LSA-C. C.P. art. 2164 to render any judgment which is just, legal, and proper upon the record on appeal irrespective of whether a particular legal point or theory is made. C.C.P. art. 2164; Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184 (La.App. 2d Cir.1979). As a general rule, attorney fees are not due and owing a successful litigant unless specifically provided for by contract or by statute. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984). In order to collect attorney fees the plaintiff claimant must have strictly complied with the provisions of the applicable statute.[1]Capital Recovery Assistance, Inc. v. Nelson, 424 So.2d 357 (La.App. 2d Cir.1982). The trial judge obviously awarded plaintiff attorney fees pursuant to LSA-R.S. 9:2782.[2] However, we note that the evidence adduced does not show that plaintiff complied with the statute so as to be entitled to attorney fees thereunder. While plaintiff did send Fleming two certified letters (one for each *1234 check) the letters did not substantially comply with the form set forth in 9:2782. The letters did not grant thirty days to pay, nor did they warn Fleming that he could be liable for two times the amount of the check plus court costs and attorney fees. Due to plaintiff's failure to comply with the statute, the trial judge erred in awarding plaintiff attorney fees.
We also have before us appellee's motion alleging that the appeal is frivolous, asking for an award of costs, damages, and attorney fees to the plaintiff. Damages for frivolous appeal are only awarded when it clearly appears that the appeal was taken for the purpose of delay or that counsel for the appellant does not seriously believe his legal position. LSA-C.C.P. 2164; Lucy v. State Farm Ins. Co., 475 So.2d 88 (La.App. 2d Cir.1985); Gunderson v. Libbey Glass, 412 So.2d 656 (La.App. 2d Cir.1982). Appellee urges that the appeal was made solely for delay. There is nothing in the record to substantiate appellee's argument, especially in light of the fact that the appeal is devolutive and therefore cannot hinder execution of the judgment. Since we have amended the trial court's judgment, we cannot hold the appeal to be frivolous. Starwood v. Taylor, 434 So.2d 1236 (La. App. 1st Cir.1983).
We amend the judgment in part to read:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, JAMES E. SANGID, d/b/a RICKS RINGS N' THINGS and against defendant, OMA G. FLEMING in the full sum of fourteen thousand, four hundred sixty three and 44/100 ($14,463.44) Dollars, together with legal interest thereon from date of judicial demand until paid, and all costs of these proceedings.
Costs of this appeal are assessed to the appellee.
AMENDED AND AFFIRMED.
NOTES
[1] Neither the petition, the evidence adduced at the confirmation hearing nor appellee's brief suggests under what authority plaintiff claims he was entitled to attorney fees. If the instant proceeding were considered a suit on open account, plaintiff did not substantially comply with LSA-R.S. 9:2781 and would not be entitled to attorney fees pursuant thereto.
[2] LSA-R.S. 9:2782 reads in pertinent part as follows:

§ 2782. Nonsufficient fund checks; damages, attorney fees
A. Whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within thirty days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs.
* * * * * *
C(1) Before any recovery under Subsection A or B of this Section may be claimed, a written demand in substantially the form which follows shall be sent by certified or registered mail to the drawer of the check at the address shown on the instrument:
"You are hereby notified that a check numbered ______________, issued by you on _______________ (date), drawn upon ______________, (name of bank), and payable to _________________, has been dishonored. Pursuant to Louisiana law, you have thirty days from receipt of this notice to tender payment in full of the amount of the check plus a service charge of fifteen dollars or five percent of the face amount of the check, whichever is greater, the total amount due being _____________. Unless this amount is paid in full within the thirty-day period, the holder of the check may file a civil action against you for two times the amount of the check or one hundred dollars, whichever is greater, plus any court costs and reasonable attorney fees incurred by the payee in taking the action."
* * * * * *