563 So.2d 1294 (1990)
O.L. Tom TAYLOR d/b/a Tom Taylor Real Estate, Plaintiff-Appellee,
v.
David DOWDEN and Glenda Dowden, Defendants-Appellants.
No. 89-103.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1295 William Dyess, Many, for plaintiff-appellee.
Kenneth Simmons, Many, for defendants-appellants.
Before FORET, STOKER and YELVERTON, JJ.
*1296 FORET, Judge.
This is an action for breach of contract filed by O.L. Tom Taylor, d/b/a TOM TAYLOR REAL ESTATE (Taylor), against David and Glenda Dowden (Dowdens). Taylor alleges that the Dowdens agreed to allow him to sell their property for $150,000 and retain $15,000 commission, whereupon the Dowdens would receive a sale price of $135,000.
The basis of this suit is that the Dowdens sold the property themselves for $140,000 after Taylor had advertised it, and they failed to pay Taylor his agreed-upon commission.
After the entry of a preliminary default, the default was confirmed and judgment was entered in favor of Taylor, granting relief in the amount of $15,000, plus interest and costs, together with attorney's fees of 25%.[1]

ASSIGNMENTS OF ERROR
The Dowdens, appellants herein, contend that the default judgment rendered against them is in error insofar as a miscarriage of justice will result if they are not afforded an opportunity to defend this action on the merits.
Insofar as they give no basis for this contention, nor submit any reason as to why they did not appear in the original action, we find this assignment of error without merit.
The Dowdens next contend that the default judgment was based on insufficient evidence and thus, should be reversed.
In reviewing a default judgment, the appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the default judgment. See Lamb v. Lamb, 416 So.2d 243 (La.App. 3 Cir.1982), reversed on other grounds, 430 So.2d 51 (La.1983); Brown v. Trinity Ins. Co., 480 So.2d 919 (La.App. 2 Cir.1985); Sangid v. Fleming, 530 So.2d 1231 (La. App. 2 Cir.1988).
In order to obtain a reversal of a default judgment, the appellant must overcome the presumption that the judgment has been rendered upon sufficient evidence and is correct. See Sangid v. Fleming, supra; City of St. Martinville v. Johnson, 465 So.2d 280 (La.App. 3 Cir.1985), writ denied, 467 So.2d 1133 (La.1985). The presumption that the judgment is correct and that the default was confirmed by proof of the demand sufficient to establish a prima facie case applies unless the contrary appears in the record. See Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970).
The court minutes of the record reflect that Taylor was called, sworn, and examined by his attorney. A cash sale deed evidencing the sale of the disputed property by the Dowdens was entered into evidence. The record contains no transcript of the proceedings nor narrative of facts regarding the hearing on the default judgment. As stated by the Fifth Circuit in Cavalier v. Nelson, 532 So.2d 899, 901 (La.App. 5 Cir.1988), writ denied, 536 So.2d 1254 (La.1989):
"There is no requirement that the party confirming the default must have the testimony reduced to writing or that a note be made of the evidence introduced; when judgment has been rendered and no note of evidence has been made, it is incumbent on the party opposing the judgment to secure a narrative of the facts. Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). Here, the transcript was unavailable and no narrative of facts was provided.
'When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and *1297 are against defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct.' Rock, supra, at 1329. He who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and failure to timely plead. Id."
C.C. art. 1846 requires that an oral contract in excess of $500 must be proven by at least one witness and other corroborating evidence. A party may offer his own testimony in support of a claim of an oral contract in excess of $500 but must show other circumstances which corroborate his claim. Although corroboration is required, only general corroboration must be shown, not independent proof of every detail of his testimony. "The question of whether evidence offered by the plaintiff corroborates his claim under an oral contract is a finding to be made by the trier of fact, and is therefore not subject to reversal unless clearly wrong." Lee Eyster & Associates, Inc. v. Favor, 504 So.2d 580, 582 (La.App. 4 Cir.1987), writ denied, 507 So.2d 232 (La.1987).
In this case, we do not find that the Dowdens have overcome the presumption that the default judgment which was rendered against them was based on sufficient evidence. The judgment rendered states that "on producing due proof in support of plaintiff's demands, the law and the evidence being in favor thereof for the reasons this day orally assigned...." Without a transcript or narrative, we cannot say that the trier of fact was clearly wrong in finding that Taylor had presented sufficient evidence to generally corroborate his claim. Therefore, we will not disturb the trial court's finding as to the oral contract.
The Dowdens' last assignment of error is that the trial court erred in granting Taylor attorney's fees in the amount of 25%. We agree with this contention. As a general rule, attorney's fees are not due a successful litigant unless specifically provided for by contract or by statute. See Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984). Additionally, Taylor did not pray for attorney's fees in his petition. "A judgment by default shall not be different in kind from that demanded in the petition." C.C.P. art. 1703. Therefore, we find that the trial judge erred in awarding Taylor attorney's fees.[2]

CONCLUSION
Based on the foregoing, we affirm the judgment of the trial court in favor of O.L. Tom Taylor, d/b/a Tom Taylor Real Estate, and against the defendants, David Dowden and Glenda Dowden, in the full sum of $15,000, with legal interest thereon from date of judicial demand, until paid. We reverse that portion of the judgment wherein attorney's fees are granted in favor of Taylor. Costs of these proceedings are to be divided equally between the Dowdens and O.L. Tom Taylor, d/b/a Tom Taylor Real Estate.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The Dowdens filed a petition to annul the judgment alleging that the default judgment was obtained by fraud and/or ill practice. This petition has been answered by Taylor and that action appears to remain pending in the trial court.
[2] We note a typographical error in the judgment awarding Taylor "Fifteen Thousand and No/100 ($15,900.00) Dollars." Fifteen Thousand and No/100 ($15,000.00) Dollars is the correct award.