801 So.2d 610 (2001)
Timothy SAVOY
v.
CLARK DIRECTIONAL DRILLING EQUIPMENT.
No. 01-0918.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
*611 Edward J. Milligan, Jr., Attorney at Law, Lafayette, LA, Counsel for: Clark Directional Drilling Equipment.
Daniel Joseph Dazet, Workers' Comp Legal Clinic, Metairie, LA, Counsel for: Timothy Savoy.
Court composed of HENRY L. YELVERTON, JOHN D. SAUNDERS, and ELIZABETH A. PICKETT, Judges.
SAUNDERS, Judge.
Clark Directional Drilling Equipment ("Clark") appeals a default judgment rendered against them by the Workers' Compensation Judge on March 20, 2001. For the following reasons, we affirm in part and reverse in part.

FACTS AND PROCEDURAL BACKGROUND
On November 17, 2000, Timothy Savoy was injured while loading a 300-400 pound rearer into a truck. The record indicates that Savoy notified Clark of the injury and that he sought immediate treatment at the emergency room. Savoy incurred medical expenses for his emergency room visit, prescriptions, and other doctors' visits. In addition, his physician has recommended further medical testing. As a result of Clark not paying any wages or medical expenses, Savoy filed a Disputed Claim for Compensation with the Office of Workers' Compensation. As his bona fide dispute, Savoy claimed that "no wage benefits have been paid" and "no medical treatment had been authorized."
The Appellant was served through certified mail on December 16, 2000. The Appellant did not answer the suit. On January 31, 2001, a Motion for Preliminary Default was submitted on behalf of the Appellee, and on February 1, 2001, the preliminary default was granted by the court. On February 22, 2001, a confirmation *612 hearing was held. At the hearing, the Appellee appeared and testified; however, the Appellant did not appear at the confirmation hearing. Along with testimony, the Appellee submitted a pay check and tax form from the Appellant into evidence.
The Workers' Compensation Judge confirmed a Judgment of Default based on the evidence presented. The judge awarded the Plaintiff total temporary disability benefits at a rate of $582.00 per week including a 50% increase in accordance with La.R.S. 23:1171.2 from November 17, 2000, to February 22, 2001, totaling $8,148.00. In addition, Savoy was awarded past and future medical expenses, late penalty payments of $2,000.00 for indemnity benefits, late penalty payments of $2,000.00 for medical benefits, and attorneys' fees in the amount of $2,000.00 in addition to contractual fees. As a result, the Appellant has filed this appeal.

STANDARD OF REVIEW
In a workers' compensation case, the judge's findings of fact will not be set aside unless manifestly erroneous or clearly wrong in light of the record viewed in its entirety. Ring v. Decor Gravure Corp., 99-1965 (La.App. 3 Cir. 6/7/00); 768 So.2d 116. See also Rosell v. ESCO, 549 So.2d 840 (La.1989). Further, an appellate court is restricted to a determination of sufficiency of the evidence offered in support of a default judgment in its review of a default judgment. Taylor v. Dowden, 563 So.2d 1294 (La.App. 3 Cir.1990). On appeal, there is a presumption that the judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct, and the appellant had the burden of overcoming that presumption. Id.

ASSIGNMENTS OF ERROR
On appeal, Clark asserts the following assignments of error:
1. The Workers' Compensation Judge erred in determining that Appellee was an employee of Appellant when he sustained an alleged injury while performing service arising out of and in the course of his employment.
2. The Workers' Compensation Judge erred in finding that Appellant did not have Workers' Compensation Insurance as required by law.

ASSIGNMENT OF ERROR NO. 1
In the Appellee's first assignment of error, Clark asserts that the Workers' Compensation Judge erred in determining that Appellee was an employee of Appellant when he sustained an alleged injury while performing service arising out of and in the course of his employment. The Appellee argues that the there was insufficient evidence to support this determination.
In Felan v. F & F Trucking, Inc., 97-983 (La.App. 3 Cir. 2/4/98); 708 So.2d 430, we recognized that the rules of evidence are to be liberally construed in favor of establishing an employer/employee relationship. In that case, we determined the following:
A prerequisite to any workers' compensation action is the existence of an employer/employee relationship. Boswell v. Kurthwood Manor Nursing Home, 94-703 (La.App. 3 Cir. 12/7/94); 647 So.2d 630, writ denied, 95-0050 (La.3/17/95); 651 So.2d 267. The burden of proof is on the claimant to establish the relationship by a reasonable preponderance of the evidence. Id. The right of control is the essence of the employer/employee relationship, evidenced by the following four primary factors: (1) selection and engagement, (2) payment of wages, (3) power of dismissal, and (4) power of control. Id. *613 None of these factors alone is determinative, but the totality of the circumstances must be considered. Id.

Felan, 94-983, p. 6, 708 So.2d at 434.
In this case, the Plaintiff presented a check issued to him by Clark in the sum of $1,400.00 with the notation "contract labor 1st-15th," a 1099 tax form, and testimony to suggest an employee/employer relationship. In his testimony, he stated the following:
Q. Were you employed by Clark Directional Drilling Equipment?
A. Yes, I was.
Q. What did you do for Clark Directional Drilling Equipment?
A. I was a box locator, a directional bore operator. I ran a directional bore rig, the computer, the locator package. And kind of keptkept it kind of together.
Q. Okay. What were your job duties in the course of your employment with Clark?
A. To make sure we were there ready to bore....
Q.... [W]hat were you required to do physically on the job? Was there lifting,
A. Yes.
Q. bending, you know, those sort of things?
A. Yes. Just manual labor, I mean, anything that needed to be done, digging, carrying equipment, I mean, loading it, anything and everything there was.
The Defendant suggests there is no employer/employee work relationship. Clark alleges that Savoy made a self-serving response by saying that he was employed with Clark and that Savoy presented insufficient evidence to establish proof of being an employee. In particular, Clark argues that Savoy failed to establish any evidence of the control factor. Further, in Clark's brief, the company seems to hint that Savoy was an independent contractor rather than an employee.
We disagree with the Defendant for two reasons. First, the evidence presented is sufficient to establish an employee/employer relationship. The check issued to the Plaintiff and the tax form are certainly suggestive of him being hired for work and paid wages. Further, Savoy testified that he did anything that needed to be done; therefore, it seems that his work schedule was controlled by the needs of the Defendant. This is sufficient proof that Clark did have an element of control over him. Considering the testimony, check, and tax form, Savoy met his burden of proof in establishing an employee/employer relationship.
Second, Savoy is not an independent contractor. The Louisiana Legislature defined independent contractors for the purposes of workers' compensation. La.R.S. 23:1021(6) states, "`[i]ndependent contractor' means any person who renders service, other than manual labor, for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only...." Here, Savoy clearly testified that he performs manual labor, and he was apparently injured while performing manual labor. Thus, Savoy meets the exception to the exemption of workers' compensation eligibility for independent contractors because he is a manual laborer. Therefore, workers' compensation benefits should not be denied, and the defendant's first assignment

ASSIGNMENT OF ERROR NO. 2
In the second assignment of error, the Defendant asserts that the trial judge erred in finding that it did not have workers' compensation insurance as required by law. The Defendant asserts that there *614 is no evidence to suggest that the appellant did not have insurance. After a review of the record, we agree with the assertion of the Defendant. There is absolutely no evidence of Clark having or not having insurance. As such, the default judgment in reference to this point and 50% penalty pursuant to La.R.S. 23:1171.2 cannot stand because there is no evidence of proof of lack of insurance to establish a prime facie case. On this matter, the case is reversed.

DECREE
For the above reasons, the finding of the lower court that Savoy is an employee is affirmed. However, the finding that Clark did not have insurance is reversed. As such, the judgment is modified to decrease the TTD benefits to a rate of $388.00 per week removing the 50% increase as La. R.S. 23:1171.2 does not apply in this instance.
AFFIRMED IN PART; REVERSED IN PART.