hAMY, Judge.
The plaintiff sued the defendants for non-payment of a check. The trial court entered a default judgment against the defendants. The defendants then filed a motion for new trial, which was denied. Accordingly, the defendants appealed. For the following reasons, we affirm in part, reverse in part, and render.
*1277 Factual and Procedural Background
The defendants, Irma and Ernest Mitchell, contracted with the plaintiff, Clarence Sanders, to construct their home. In payment for work that had been rendered, the Mitchells paid Mr. Sanders with a check in the amount of $16,000.00. The check was written on October 25, 1999. However, when Mr. Sanders attempted to cash the check the bank refused payment because the account that the check was drawn on had been closed. On April 20, 2000, Mr. Sanders’ attorney mailed a certified letter to the Mitchells demanding payment, which was received by them on April 28, 2000.
The instant suit was filed against the defendants on August 8, 2000. Neither defendant answered the petition. Thus, default judgment was entered against the defendants on February 2, 2001. The defendants filed a motion for new trial, which was denied.
The judgment ordered the defendants to pay the full sum of $16,000.00 to the plaintiffs with legal interest from the date of the judicial demand. Also, the trial court ordered the defendants to pay an additional sum equal to ten percent of the principal and interest in payment of the attorney’s fees, and all costs. In addition, the trial court assessed the defendants with “reimbursement of two times the amount of the check with legal interest from the date of judicial demand until paid,” or $32,000.00, plus interest, in accordance with La.R.S. 9:2782(A).
| ¡..The defendants now appeal. First, the defendants assert that the trial court erred by not strictly interpreting La.R.S. 9:2782. Next, the defendants argue that the trial court should not have granted judgment for twice the face value of the check or awarded attorney’s fees because the demand letter sent by Mr. Sanders did not substantially conform to the provisions of La.R.S. 9:2782. Last, the defendants ar-
gue that the trial court erred in failing to grant their motion for a new trial.
Discussion

La.R.S. 9:2782

The defendants argue that the trial court failed to strictly interpret the provisions set forth in La.R.S. 9:2782. Specifically, the Mitchells argue that the demand letter sent by Sanders did not substantially conform to the statute. Thus, the attorney’s fees, the award of $32,000.00, and interest thereon, constitute error.
La.R.S. 9:2782 states, in pertinent part,:
§ 2782. Nonsufficient fund checks; damages, attorney fees
A. Whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within fifteen working days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs.
[[Image here]]
C. (1) Before any recovery under Subsection A of this Section may be claimed, a written demand in substantially the form which follows shall be sent by certified or registered mail to the drawer of the check at the address shown on the instrument:
“You are hereby notified that a check numbered_, issued by you on_ (date), drawn upon, _ (name of bank), and payable to_, has been dishonored. Pursuant to Louisiana law, you have fifteen working days from receipt of this notice to tender payment in full of the amount of the check plus a service Lcharge of twenty-five dollars or five percent of the face amount of the *1278 check, whichever is greater, the total amount due being_ Unless this amount is paid in full within the fifteen-working-day period, the holder of the check may file a civil action against you for two times the amount of the check or one hundred dollars, whichever is greater, plus any court costs and reasonable attorney fees incurred by the payee in taking the action.”
(2) Notice mailed by certified or registered mail evidenced by return receipt to the address printed on the check or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received by the person making the check.
Because this statute provides a harsh remedy, the jurisprudence requires the plaintiff to strictly comply with the provisions set forth in the statute. American Bank of Welch v. Smith Aviation, Inc., 433 So.2d 750 (La.App. 3 Cir.1983). See also F. Christiana & Co., Inc. v. Matt’s Grocery, Inc., No. 2, 95-2073 (La.App. 4 Cir. 5/8/96); 674 So.2d 419. See also Sangid v. Fleming, 530 So.2d 1231 (La.App. 2 Cir.1988).
We point out that even if La.R.S. 9:2782 is the correct statute to apply, a question we need not resolve here, the plaintiff failed to substantially follow the provisions of the statute. The Mitchells argue that the trial court incorrectly provided recovery under La.R.S. 9:2782. As stated above, La.R.S. 9:2782 is to be construed strictly. Mr. Sanders sent a certified demand letter to the Mitchells on April 20, 2000, approximately six months after the check was written. The demand letter reads as follows:
DEAR SIR:
Your delinquent payment on closed account written on check # 0559 of Jeff Davis Bank has been referred to this office for collection.
This letter will serve as formal written demand for immediate payment in full of the above past due amount.
|4Should payment in full not be forthcoming or should arrangements for payment not be made within 15 days from receipt of this letter, appropriate collection procedures may be commenced against you.
Sincerely,
s/ Robert P. Shelton
ROBERT P. SHELTON
Attorney at Law
The above letter is clearly not in substantially the same form as required by La.R.S. 9:2782(0(1). The letter written by Mr. Sanders’ attorney only provides fifteen days from receipt of the letter and not fifteen working days for payment. Next, the letter written by Mr. Sanders’ attorney fails to state any of the penal possibilities, such as exposure to payment of two times the amount of the check, plus any court costs and reasonable attorney fees incurred by the payee. Thus, the letter written by Mr. Sanders’ attorney fails to substantially comply with La.R.S. 9:2782. Moreover, the statute expressly states that, before recovery can be made under Subsection A, a letter in substantially the same form, as that set forth in the statute, shall be sent to the drawer of the check. Therefore, we find that the trial court erred in casting the Mitchells to pay a sum two times the face value of the check and attorney’s fees.

Motion for New Trial

The defendants filed a motion for new trial that was denied by the trial court. The defendants argue that the trial court erred in denying the motion because the evidence presented to the court did not conform to La.R.S. 9:2782. La.Code Civ.P. art. 1972 states, in part, as follows:
*1279 A new trial shall be granted, upon contradictory motion of any party, in the following cases:
| B(l) When the verdict or judgment appears clearly contrary to the law and the evidence.
[[Image here]]
The defendants made a motion for new trial after the default judgment was rendered. In reviewing a default judgment, this court must determine from the record whether the evidence on which the judgment is based is sufficient. Savoy v. Clark Directional Drilling Equip., 01-0918 (La.App. 3 Cir. 12/12/01); 801 So.2d 610. See also Taylor v. Dowden, 563 So.2d 1294 (La.App. 3 Cir.), writ denied 568 So.2d 1057 (La.1990).
The trial court was presented with a copy of the check signed by Mr. Mitchell for an amount of $16,000.00, made payable to Mr. Sanders with “Account Closed” stamped across it. The trial court was also presented with a copy of the demand letter written by Mr. Shelton. Thus, the trial court had evidence of the obligation, ie. the check, and the non-payment of the check, as shown by the “Account Closed” stamp.
Because there was sufficient evidence to constitute a prima facie case against the defendants for the amount of the check, we affirm the trial court judgment that Mr. and Mrs. Mitchell owe the face amount of the check, $16,000.00, to Mr. and Mrs. Sanders.
DECREE
For the above reasons, we affirm the trial court’s decision to award the face value of the check in the amount of $16,000.00. However, we reverse the trial court’s judgment for an additional sum of twice the face value of the check in the amount of $32,000.00, plus interest on that amount. Also, we reverse trial court’s award of attorney’s fees.
Un light of our decision, we recast the judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that the defendants, Ernest Lee Mitchell and Irma Mitchell, are to pay plaintiffs, Clarence Sanders et ux, the full sum of Sixteen Thousand Dollars ($16,-000.00), with legal interest thereon from the date of judicial demand. All costs of these proceedings are cast against the defendants, Ernest Lee Mitchell and Irma Mitchell.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.