# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 07-720


**PATRICK G. MURRY, ET UX.**

**VERSUS**

**CHARLOTTE VALLEE MURPHY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 16,763
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.


**REVERSED AND REMANDED.**

**Gregory Norman Wampler**
**Lemoine & Wampler**
**607 Main St.**
**Pineville, LA 71360**
**(318) 473-4220**
**Counsel for Defendant/Appellant:**
**Charlotte Vallee Murphy**


**James Francis Slaughter**
**Attorney at Law**
**403 Second Street**
**Colfax, LA 71417**
**(318) 627-5999**
**Counsel for Plaintiffs/Appellees:**
**Patrick G. Murry**
**Melanie Womack Murry**

**SAUNDERS, Judge.**

This case concerns a dispute over a contract to lease and purchase a piece of property. The plaintiffs were acquiring the subject property from the defendant and the estate of her husband. The plaintiffs were acquiring the property for the purpose of conducting business.

The plaintiffs filed suit against the defendant alleging a breach of the contract. Defendant did not answer the suit. The plaintiffs, after amending the suit to add the estate of the defendant's husband, moved for and were granted a default judgment awarding them ownership of the property, $20,000 for loss of profit, and $5,000 in attorney's fees plus court costs. Defendant appealed, alleging five assignments of error.

We vacate the default judgment reached by the trial court, and remand the case to the trial court for further proceedings not inconsistent with this opinion.

**FACTS AND PROCEDURAL HISTORY:**

On April 10, 2002, Patrick and Melanie Murry ("the Murrys") entered into a Lease and Agreement to Buy and Sell ("the agreement") with Charlotte Murphy ("Murphy") . According to the terms of the agreement, the Murrys leased a tract of property from Murphy with an arrangement to subsequently purchase that property.

On August 11, 2004, the Murrys filed suit in the 35th Judicial District Court alleging that Murphy had breached the agreement. Murphy did not answer the lawsuit, and a preliminary default was entered against her on October 18, 2004. Thereafter, on June 6, 2006, the Murrys filed an amendment to the suit to add as a defendant the estate of Charlotte Murphy's deceased husband, Mahlon Murphy. A second preliminary default was entered on August 7, 2006.

On October 23, 2006, the preliminary default judgment was confirmed and

signed. The judgment awarded the Murrys "the property," reimbursed the Murrys $20,000 for lost profit, and awarded the Murrys $5,000 for attorney's fees plus court costs.

Murphy appealed the judgment raising five assignments of error. The first four assignments address the propriety of the default judgment. The fifth assignment of error raises the issue of the propriety of the trial court awarding the Murrys $5,000 in attorney's fees.

**ASSIGNMENTS OF ERROR:**

1.      Did the trial court err by confirming the default judgment in that there was insufficient evidence adduced for that purpose?

2.      Did the trial court err in confirming the default judgment without evidence in the record of service of process upon the Estate of Mahlon Murphy?

3.      Did the trial court err in confirming the default judgment without evidence in the record that Charlotte Murphy was the administratrix of the Estate of Mahlon Murphy?

4.      Did the trial court err in confirming the default judgment when much of the evidence upon which the judgment was based was impermissible hearsay?

5.      Did the trial court err in awarding attorney's fees to the plaintiffs?

**ASSIGNMENT OF ERROR #1:**

Murphy argues that the trial court erred by confirming the default judgment, contending there was insufficient evidence adduced for that purpose. We agree.

When an appellate court reviews a default judgment, it must look to the record to determine whether there is sufficient evidence to support that default judgment. *Taylor v. Dowden*, 563 So.2d 1294 (La.App. 3 Cir.), *writ denied*, 568 So.2d 1057 (La.1990).

Our Louisiana Supreme Court, in *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989), established the plaintiff's burden of proof to obtain a default judgment:

2

For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. (Citations omitted.)

Louisiana Civil Code Article 1767 states:

A conditional obligation is one dependent on an uncertain event.
*If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive.*
If the obligation may be immediately enforced but will come to an end when the uncertain event occurs, the condition is resolutory. (Emphasis added.)

In the case before us, the Murrys filed a petition for specific performance and damages based upon Murphy's failure to perform according to the terms of a lease and agreement to buy and sell. Therefore, under the standard regarding default judgments above, the Murrys must put forth prima facie evidence that, according to the terms of the agreement, Murphy's performance was due. They have failed to do so.

Page 1, Paragraph 3 of the Lease and Agreement to Buy and Sell entered into the record as the agreement between the Murrys and Murphy is as follows:

3. The actual transfer of the property described above shall be by warranty deed, free from all liens and other encumbrances except as noted below, and *shall, unless an earlier time is mutually agreed upon, be consummated not later than sixty (60) days following court approval by the 35th Judicial District Court for the sale of the interest of the Succession of Mahlon Murphy*. (Emphasis added.)

According to Paragraph 3 of the agreement, there is a suspensive condition that must be met prior to an actual transfer of the property taking place. That suspensive condition is the 35th Judicial District Court's approval of the sale. Because there is no evidence in the record that the 35th Judicial District Court approved the sale, and such approval is a suspensive condition in the agreement, the Murrys cannot attempt to

3

have the trial court order Murphy to specifically perform the terms of the agreement, as Murphy's performance is not yet due. "[t]he right to enforce the obligation does not arise until the fulfillment of the suspensive condition, and the obligation may not be enforced until the condition is met. *Hampton v. Hampton, Inc.*, 97-1779, p.8 (La.App. 1 Cir. 6/29/98), 713 So.2d 1185, 1190. Therefore, the 35th Judicial District Court's approval of the sale is a prima facie element of the case and its existence must be part of the record. The record has no such evidence.

The parties can circumvent the court approval required in Paragraph 3 by mutual agreement. However, the record has no such evidence of a mutual agreement between the Murrys and Murphy to forego the 35th Judicial District Court's approval.

Therefore, given that the record is without any evidence that the Murrys have completed a necessary prerequisite to seek the trial court to force Murphy to specifically perform the terms of the agreement, and given that such evidence is a prima facie element of the case, we find that there is insufficient evidence to support the default judgment granted by the trial court. Accordingly, we vacate the default judgment granted to the Murrys by the trial court and remand the case for further proceedings.

**ASSIGNMENTS OF ERROR #2-#5:**

In assignments of error #2-#5 Murphy raises other insufficiencies of the default judgment granted by the trial court as well as an assignment related to the propriety of the trial court awarding attorney's fees to the Murrys. Due to our finding in Assignment of Error #1, a discussion of the trial court's ruling on the service of process upon the estate of Mahlon Murphy, the lack of evidence in the record that Charlotte Murphy was the administratrix of the estate of Mahlon Murphy, whether

4

the default judgment was based primarily upon impermissible hearsay, and whether the trial court erred in awarding attorney's fees to the Murrys is pretermitted at this time.

**CONCLUSION:**

Murphy raised five assignments of error. The first four assignments addressed the propriety of a default judgment against Murphy in favor of the Murrys that granted the Murrys ownership of "the property" and $20,000 for loss of income. The fifth assignment of error contended that the trial court erred in awarding the Murrys $5,000 in attorney's fees. We vacate the default judgment reached by the trial court and remand the case to the trial court for further proceedings not inconsistent with this opinion. All costs associated with this appeal are to be paid by the Murrys.

**REVERSED AND REMANDED.**