452 So.2d 319 (1984)
CITIES SERVICE COMPANY
v.
Ellis Jay PAILET.
No. CA-1507.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
Rehearing Denied July 24, 1984.
*320 Clarence F. Favret, Jr., Favret, Favret, Demarest & Russo, New Orleans, for appellant.
Ellis Jay Pailet, in pro. per.
Before GULOTTA, BARRY and WILLIAMS, JJ.
GULOTTA, Judge.
Cities Service Company appeals the dismissal of its suit on open account for $1,148.70, representing purchases made on defendant Ellis Jay Pailet's Citgo credit card. We reverse.
The disputed invoices, except for one, were for charges made at a Pearl, Mississippi Citgo Service Station from January 21, 1982, through May 20, 1982. Copies of the invoices, signed "E. Pailet" and a monthly statement from February through June, 1982 were introduced into evidence.
John Bilbow, plaintiff's collection supervisor, testified that between April 21, 1982, and July 20, 1982 Cities Service made numerous phone calls to Pailet and left messages with his secretary in an attempt to collect on the delinquent account. According to Bilbow, Pailet returned only the call of May 4, to say that he was "checking on something". The card was cancelled, subsequently recovered by a service station, and returned to Cities Service. Plaintiff had no record, however, indicating that the card had been lost or stolen, or that the charges were unauthorized.
Defendant Pailet, on the other hand, testified that he had given his credit card to Connie Jordan, an employee of his wholesale beauty products company, for a limited business purpose in Gulfport, Mississippi. According to Pailet, before receiving calls from plaintiff about the balance due, he had "revoked" Jordan's authority to use the card. After Cities Service's call in "the beginning of 1982", Pailet called Jordan who informed him that she had stopped using the card and no longer had it. In response to a question whether Jordan told him what had happened to the card, Pailet stated, "I think she said she lost it. I just let it go at that." Jordan, the employee, did not testify.
Pailet further testified that the signatures on the invoices at issue are definitely not his, and that the charges in Pearl, Mississippi were 100 miles from the Gulfport area where Jordan was authorized to use the card. He felt that he had notified Cities Service "very specifically" that he no *321 longer had the credit card and that the billings were not authorized.
In written reasons for judgment dismissing plaintiff's suit, the trial judge stated that he believed Pailet's testimony, and concluded that he had not signed any of the invoices or authorized any of the purchases.
This case arises under the Truth in Lending Act, 15 U.S.C.A. Section 1643.[1] Pursuant to this statute, in an action to enforce full liability for charges made, a card issuer has the burden of proving that the use of the credit card was "authorized". A cardholder is not liable for "unauthorized" use of his card that occurs after he has notified the card issuer that an unauthorized use has or may occur. Furthermore, the cardholder's liability for unauthorized use occurring before such notification is limited to $50.00, and may be imposed only if the card issuer meets the conditions set forth in Section 1 of the statute.
Applying the statute to the facts of the instant case, we conclude that Pailet is not liable for any invoices dated after he had notified the company that the changes may not have been authorized. Although the evidence is conflicting, a reasonable inference from Pailet's testimony is that he specifically notified Cities Service as early as April 21, 1982. Considering this testimony and recognizing the trial judge's express credibility determination in Pailet's favor we conclude charges on the card made after April 21 were not authorized, and cannot be recovered by plaintiff.
The more troubling question, however, is whether or not the unpaid invoices dated prior to April 21, 1982 are recoverable as "authorized" charges.
Although we have found no Louisiana authority directly on point, an Alabama decision, Martin v. American Express, Inc., 361 So.2d 597 (Ala.Civ.App.1978), is persuasive. In Martin, a cardholder gave his credit card to his associate for use in their joint business venture, but orally authorized the agent only to charge up to $500.00 on the card. When the associate ignored the cardholder's directions by charging in excess of this amount, the card holder attempted to avoid payment by relying on the $50.00 maximum liability provision of the Truth in Lending Statute for "unauthorized" use of the card.
In rejecting the cardholder's argument, the Martin court concluded the statutory limit of liability for unauthorized use of a *322 credit card may be warranted where the card is obtained from the cardholder "as a result of loss, theft or wrongdoing" but not "where a cardholder voluntarily and knowingly allows another to use his card and that person subsequently misuses the card".
Like the cardholder in Martin, Pailet loaned his card to his employee for a limited business purpose. Although there is no evidence that Pailet's employee misused the card, neither is there a concrete explanation in the record to show what happened to the card after Pailet entrusted it to her. Pailet's vague testimony that he thought Jordan said she had lost it sheds little light, if any, in establishing the charges as "unauthorized". In the absence of sufficient evidence that the card was obtained from Pailet as a result of loss, theft or wrongdoing, he is responsible for purchases made through the use of his card prior to April 21, 1982.
The balance due on Pailet's account for charges through April 29, 1982 was $698.75. We deduct a $50.25 charge dated April 27 since it was made after Pailet's notification to plaintiff on April 21. Plaintiff is therefore entitled to recover $648.50.
Having so concluded, we reverse and set aside the trial court's judgment dismissing plaintiff's suit. Judgment is now rendered in favor of plaintiff, Cities Service Company, and against defendant, Ellis Jay Pailet, in the sum of SIX HUNDRED AND FORTY-EIGHT AND 50/100 DOLLARS, ($648.50), together with legal interest from date of judicial demand until paid, and for all costs.
REVERSED AND RENDERED.
NOTES
[1] Sec. 1643. Liability of holder of credit card

Limits on liability
a) (1) A cardholder shall be liable for the unauthorized use of a credit card only if
(A) the card is an accepted credit card;
(B) the liability is not in excess of $50;
(C) the card issuer gives adequate notice to the cardholder of the potential liability;
(D) the card issuer has provided the cardholder with a description of a means by which the card issuer may be notified of loss or theft of the card...;
(E) the unauthorized use occurs before the card issuer has been notified that an unauthorized use of the credit card has occurred or may occur as the result of loss, theft or otherwise; and
(F) the card issuer has provided a method whereby the user of such card can be identified as the person authorized to use it.
(2) For purposes of this section, a card issuer has been notified when such steps as may be reasonably required in the ordinary course of business to provide the card issuer with the pertinent information have been taken, whether or not any particular officer, employee, or agent of the card issuer does in fact receive such information.
Burden of proof
(b) In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met.
Liability imposed by other laws or by agreement with insurer
(c) Nothing in this section imposes liability upon a cardholder for the unauthorized use of a credit card in excess of his liability for such use under other applicable law or under any agreement with the card issuer.
Exclusiveness of liability
(d) Except as provided in this section, a cardholder incurs no liability from the unauthorized use of a credit card.