STANDARD OIL COMPANY *v.* STEELE.

(No. 84 CVF 6285—Decided June 28, 1985.)

Akron Municipal Court.

*Ronald N. Towne,* for plaintiff.
*William T. Whitaker,* for defendant.

COLOPY, J. Plaintiff, Standard Oil Company, is an oil company which issues credit cards. Defendant, Eleanor

I. Steele, is the holder of one of its credit cards (the "card"). Plaintiff is suing defendant for certain charges made on the card.

In June 1983, defendant was in St. Thomas Hospital, Akron, Ohio. While she was hospitalized, Anita Zavodny, a friend of the defendant, telephoned her and explained that she needed to get to Cleveland and asked defendant if she could use defendant's Sohio credit card (the "card") to purchase one tank of gas for the trip. Defendant thought that it would be impossible for Zavodny to use the card without defendant being present to sign, but that a gas station in Mogadore where defendant was known would honor the card because the attendants knew both defendant and Zavodny. Defendant gave Zavodny the card and permission to use it to buy one tank of gasoline for the trip. No arrangements were made for the return of the card. Zavodny sent a third party, a woman unknown to defendant, to pick up the card. Defendant turned over the card without further discussion on June 28, 1983.

Zavodny used the card for many purchases in addition to the gasoline. Other unknown parties also charged items on the card subsequent to June 28, 1983. Defendant notified plaintiff that her card was being misused on August 12, 1983.

Plaintiff seeks to recover all charges made by use of the card occurring between June 28, 1983, and August 12, 1983, and in the amount of $1,767.47.

Defendant contends that her liability for charges incurred between June 28, 1983 and August 12, 1983 is limited to $50 by Section 1643, Title 15, U.S. Code, which reads as follows:

"§ 1643. Liability of holder of credit card

"Limits on liability

"(a)(1) A cardholder shall be liable for the unauthorized use of a credit card only if:

"(A) the card is an accepted credit card;

"(B) the liability is not in excess of $50;

"(C) the card issuer gives adequate notice to the cardholder of the potential liability;

"(D) the card issuer has provided the cardholder with a description of a means by which the card issuer may be notified of loss or theft of the card, which description may be provided on the face or the reverse side of the statement required by § 1637(b) of this title or on a separate notice accompanying such statement;

"(E) the unauthorized use occurs before the card issuer has been notified that an unauthorized use of the credit card has occurred or may occur as the result of loss, theft, or otherwise; and,

"(F) the card issuer has provided a method whereby the user of such card can be identified as the person authorized to use it."

Plaintiff contends that the use of the card between June 28, 1983 and August 12, 1983 was authorized rather than unauthorized use. "Unauthorized use" is defined in Section 1602(o), Title 15, U.S. Code, as follows:

"The term 'unauthorized use,' as used in section 1643 of this title, means a use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit."

In *Martin v. American Express, Inc.* (Ala. Civ. App. 1978), 361 So. 2d 597, a credit cardholder, Martin, orally authorized his partner, McBride, to charge up to $500 on his personal credit card for the purpose of a joint business venture. McBride made charges over $500. The Alabama court found Martin liable for all charges made by McBride without limitation.

The court stated at 599:

"We hold that in instances where a

cardholder, who is under no compulsion by fraud, duress or otherwise, voluntarily permits the use of his (or her) credit card by another person, the cardholder has authorized the use of that card and is thereby responsible for any charges as a result of that use."

The court commented at 600:

"* * * McBride was actually authorized by Martin to use the latter's card. Martin admitted this fact. And the authority to use it, if not actual, remained apparent even after McBride ignored Martin's directions by charging over $500 to Martin's credit card account. Consequently, Martin was not entitled to rely on the provisions contained in section 1643(a) and he must be held responsible for any purchases made through the use of his card."

The *Martin* case was followed in *Cities Service Co.* v. *Pailet* (La. App. 1984), 452 So. 2d 319. The Louisiana court went beyond the *Martin* holding and stated that the cardholder would not be liable for any additional charges once the cardholder notified the issuer that *actual* authority no longer existed for others to use the card.

The defendant seeks to distinguish the *Martin* case from the case at bar on the basis that McBride was involved in a joint business venture with Martin. There was no indication in that case that the seller from whom McBride received goods or services by use of the credit card was aware of any business arrangement between Martin and McBride.

This court states its holding as follows:

Where a credit cardholder, who was under no compulsion by fraud, duress or otherwise, voluntarily permits the use of his or her credit card by another person, the cardholder has authorized the use of that card and is thereby responsible for any charges as a result of that use, even if he or she requested that the other person not charge over a certain amount or make charges on it only for specified purposes. The user has apparent authority to use the card even after actual authority ceases; provided, however, that the cardholder is not liable for use of the card after the issuer has been notified that actual authority for others to use the card no longer exists.

In accordance with this opinion judgment will be entered for the plaintiff and against the defendant in the amount of $1,767.47 and court costs.

*Judgment for plaintiff.*