LOBRANO, Judge.
This is an appeal from a default judgment rendered in favor of Frank Massicot d/b/a A-l Air (Massicot) and against Silo, Inc. In addition to its argument on the merits, Silo filed in this court a peremptory exception of no cause of action.
We maintain the exception, and remand to allow Massicot to amend his petition, if he can, within fifteen days of this judgment. La.C.C.Pro. Art. 93⅛.
On April 5, 1989 Massicot filed the instant suit on open account against Sharon Shumock and Commercial Design Services, Inc. alleging that he provided labor and materials to them for a job at Holiday Square Shopping Center located in Coving-ton, La. Massicot also alleged that a lien affidavit in accordance with La.R.S. 9:4801, et seq. was filed against the subject property-
On July 19, 1989 Massicot amended his petition to name Silo as a co-defendant. The amended petition reiterates all of the allegations of the original petition. It further alleges that Silo “received material and labor” at the aforementioned location, and that they were “open and operating at that location.” There is no allegation that Silo ordered or contracted for the materials nor any allegation that they are the owners of the building.
After service of process was perfected on Silo’s agent, and after the legal delays lapsed, Massicot obtained a default judgment against Silo. The record before us does not contain a transcript of the default proceedings, nor does it contain any documentary evidence in support of the judgment. Silo perfects this appeal.[1]
Pursuant to Code of Civil Procedure Article 2163 Silo filed a peremptory exception of no cause of action in this court. In considering an exception of no cause of action the Court must consider only the allegations of the petition. If we assume every fact pleaded to be true, the question to be resolved is whether or not plaintiff will be successful. Bradford v. Murray, 467 So.2d 1297 (La.App. 4th Cir.1985), writ den., 469 So.2d 988 (1985).
In the instant case, assuming that Massicot did furnish labor and materials in the construction of the premises occupied by Silo, there still can be no recovery against Silo. There is no allegation that Silo ordered or contracted for the services and materials, nor is there an allegation that Silo is the owner of the premises.[2] *823 There can be no recovery on an open account basis since there is no contractual relationship alleged between the parties. Although La.R.S. 9:4801, et seq., the Private Works Statute, allows a subcontractor to perfect a lien and recover against the owner of the premises, there is no allegation that Silo owns the premises. There is no basis in law to recover under this statute against an occupant. La.R.S. 9:4806(B) limits claims of this type against an owner who has contracted with a contractor or who has agreed in writing to the price and work of a contract executed by a lessee. There are no allegations which satisfy this statute.
For the foregoing reasons, we maintain Silo’s exception of no cause of action, set aside the default judgment, and remand to allow Massicot to amend its pleadings within fifteen days of this judgment, if he can, to assert a cause of action. Failure to do so will automatically result in a dismissal of his claim against Silo.
JUDGMENT VACATED; REMANDED.

. Attached to the original petition is an invoice to “C.D.S. Corporation” for $21,400.00.

. Contained in the record and identified as exhibit D is a lease agreement between 1-12 Partnership, as landlord, and Silo, Inc., as tenant. Apparently, Silo is the lessee of the premises. However considering only the petition, the relevant allegation asserts they are "doing business at the location.”