643 So.2d 833 (1994)
METROSPEC COMPUTERS & SUPPLY, INC.
v.
R.A. ROLDAN & COMPANY, INC.
No. 94-CA-0102.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1994.
*834 Julie N. deGeneres, Bell, Cooper & Hyman, Baton Rouge, for plaintiff/appellant.
Before PLOTKIN, JONES and LANDRIEU, JJ.
JONES, Judge.
Plaintiff, Metrospec Computers and Supply, Inc., (Metrospec), appeals the trial court's judgment dismissing its suit on open account against R.A. Roldan and Company, Inc., (Roldan). We affirm the trial court's judgment.
Metrospec began conducting business with Roldan in May of 1989 for the sale of computer equipment. Arturo Roldan, owner of Roldan, testified that Roldan became a supplier of computer accessories for a Guatemalan company, Megabyte Computacion, (Megabyte). In this capacity, Roldan received a quotation request from Megabyte. Roldan obtained pricing from Metrospec which it forwarded to Megabyte. Megabyte would accept Metrospec's quotation by submitting a purchase order to Roldan. Roldan would then forward the purchase order to Metrospec but specify shipping to the airport. The merchandise would then be shipped by Roldan from the airport to Megabyte.
Arturo Roldan testified that in November 1989, this relationship changed. Mr. Revel Dean Cooper, a part owner of Metrospec up until May, 1990, was personally acquainted with Salvadore Roldan, owner and general manager of Megabyte and the brother of Arturo Roldan. In light of this personal relationship, Roldan informed Metrospec, through Mr. Cooper, that it no longer would act as Megabyte's supplier but only as an export consolidator; thus accommodating Metrospec which did not have the facilities to export. At no time did Roldan receive a commission for its service from anyone. Despite the fact that Megabyte submitted purchase orders directly to Metrospec and made payments directly to Metrospec, Metrospec continued to record Megabyte's purchases on Roldan's account and its invoices still bore Roldan's name and customer number.
Megabyte became delinquent in its payments as a result of Guatemala's foreign exchange availabilities. Mr. John Anderson, then the sole owner of Metrospec, communicated by phone and by fax with Salvadore Roldan of Megabyte regarding Megabyte's difficulties in paying. According to Salvadore Roldan, Mr. Cooper agreed to a credit extension to accommodate Megabyte. Nevertheless, Roldan received a letter from Metrospec's attorneys demanding payment. Roldan denied any obligation on the debt subsequent to November 1989. Metrospec then instituted this suit on open account.
Metrospec argues that the trial court erred in applying the law of traditional contracts, La.C.C. articles 2437 et seq., to this cause of action which is a claim on an open account. Actions on an open account are controlled by *835 La.R.S. 9:2781. Louisiana defines an open account as follows:
"Open Account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.
Metrospec argues that the invoices together with testimony as to the amounts owed and the shipments made establish a prima facie case in a suit on an open account. ABC School Uniforms, Inc. v. Le Hig's Uniform Center, 446 So.2d 780 (La.App. 4th Cir.1984). Metrospec further argues that the burden shifts to Roldan to disprove the existence or the correctness of the account either in whole or in part. Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir.1976). Additionally, Metrospec alleges that Roldan failed to advise them that it would act only as Megabyte's export consolidator. Contrary to Megabyte's assertions, Metrospec also argues that it never sent statements or invoices to Megabyte.
This Court concluded that a contractor who allegedly furnished labor and materials in construction of premises could not recover from occupier of premises on an open account basis absent a contractual relationship between the parties. Massicot v. Schumock, 572 So.2d 821 (La.App. 4th Cir. 1990). A creditor suing on an open account must prove that the debtor contracted for the sales on an open account. For there to be an action on an open account, there must necessarily be a contract which gave rise to the debt. Blackie's Rental Tool & Supply Co., Inc. v. Vanway 563 So.2d 350 (La.App. 3d Cir.1990).
In its reasons for judgment, the trial court wrote:
The Court finds that Metrospec has failed to meet its burden of establishing the existence of a valid or enforceable contract of sale with Roldan. None of the evidence shows that there was an agreement to the thing sold and its price between Metrospec and Roldan. Mr. Cooper testified that Megabyte directly placed orders with Metrospec through him. There was no evidence that Megabyte placed orders for Roldan, that it was acting as Roldan's agent, or conversely, that Roldan was a bona fide agent for Megabyte, so it appears more probable than not that Megabyte placed the orders for itself. Inherent in placing the orders, at a minimum, Megabyte and Metrospec were required to mutually identify the merchandise or thing sold. Likewise, it is more probable than not that Megabyte was the purchaser instead of Roldan, particularly in light of the fact that it actually placed the orders with Metrospec, coupled with the undisputed fact that Megabyte was the ultimate destination and recipient of the merchandise. Considering these factors, and absent convincing evidence to support a finding that a valid sale was perfected between Metrospec and Roldan, the Court embraces Roldan's position that it merely acted in the capacity as a (sic) air-freight consignor to ship the merchandise to another country more credible.
The trial court reached these conclusions as a result of a trial on the merits in which both parties presented live or deposition testimony from the principals to the dispute.
The issues raised by this appeal are issues of fact. The amount owing on an open account is a question of fact whose resolution may not be disturbed absent manifest error. Jacobs Chiropractic Clinic v. Holloway, 589 So.2d 31 (La.App. 1st Cir.1991). We defer to the fact finder who is in a much better position to resolve these issues of fact and credibility.
We also affirm the trial court's ruling that absent the existence of a valid contract of sale on open account between Metrospec and Roldan, Roldan is not liable to attorney's fees pursuant to La. R.S. 9:2781.
For the foregoing reasons the trial court's judgment is affirmed.
AFFIRMED.
LANDRIEU, J., concurs.
LANDRIEU, Judge, concurring.
In concluding that Metrospec failed to establish that Roldan had any knowledge of the terms of the sale, the trial court found, in effect, that no open account existed between *836 Metrospec and R.A. Roldan & Company. That conclusion, based in part on a credibility determination, is not manifestly erroneous and the judgment of the trial court must be affirmed.