674 So.2d 419 (1996)
F. CHRISTIANA & CO., INC.
v.
MATT'S GROCERY, INC., NO. 2.
No. 95-CA-2073.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1996.
*420 F. Timothy Garlick, Metairie, for plaintiff/appellee.
Robert F. Fadaol, Gretna, for defendant/appellant.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
This is an appeal from a judgment rendering Matt's Grocery Inc., # 2 (Matt's) liable to F. Christiana & Co. (Christiana) for sums due on open account and for a nonsufficient funds check.

FACTS:
Christiana's is a wholesaler who supplies food products to various retail establishments. Based on an application for credit and a guaranty signed by Zuhair Hamed, who apparently managed the grocery store on behalf of his brother, Raidah O. Hamed, an open account was established in 1992 between Christiana's and the Baronne Discount Market which operated the "Baronne Foodstore" at 2733 Baronne Street in New Orleans. Shortly thereafter (in November of 1992) Raidah O. Hamed sold the store to Matthew Nguyen who incorporated it as Matt's Grocery, Inc. # 2, but continued to operate it under the name "Baronne Foodstore." Christiana's continued to do business with Nguyen but was paid upon delivery of the food products with checks drawn on Matt's corporate bank account. In April 1993, Zuhair Hamed resumed management of store when Nguyen purportedly "sold and leased" the store to him. The exact nature of the transaction is unclear and Nguyen advised no one of the business details of the transfer of the store which apparently included Matt's corporate bank account. In any event, Zuhair resumed purchasing supplies from Christiana's on an open account basis and paid with checks drawn on Matt's corporate account. Between July 17th and August 5th merchandise totalling $2,671.80 was delivered to the Baronne Foodstore. Apparently in payment of the account, Zuhair Hamed issued a check dated August 3, 1993, to Christiana's for $2,665.35. The check was returned for nonsufficient funds.
On September 19, 1993, Nguyen resumed operation of the store. According to Christiana's invoice of November 20, 1993, only one transaction took place after Nguyen's return when food products totalling $276.97 were sold to the Baronne Foodstore on October 12, 1993 and paid for that same day.
On October 25, 1993, Christiana's sent demand letters to the Baronne Discount Market and Zuhair Mamed [sic] at what was presumably his home address in Gretna, as well as to the store on Baronne Street, which notified the recipient that "[o]ur files contain your personal guarantee of the indebtness [sic] of the above-referenced account" and *421 seeking a total payment of $5380.52 for the NSF Check, as well as the Account Receivable Balance. The letter sent to the store was returned with a notation that the addressee was no longer there.
Apparently, Christiana's did not receive a satisfactory response from Zuhair and on December 1, 1993, counsel for Christiana's sent a certified letter to "Matt's Grocery # 2, Inc. d/b/a Baronne Discount Market" directed to "Mr. Mamed" [sic] demanding a total of $5,470.41 for the past due account as well as the NSF check. That letter was received at the Baronne Street grocery store on December 4, 1993. In June 1994, Christiana filed suit against Matt's Grocery, Inc. # 2 alleging two causes of action: (1) a suit on open account pursuant to La.Rev.Stat. 9:2781 to recover $2,671.80; and (2) a suit on an NSF check pursuant to La.Rev.Stat. 9:2782 to recover twice the amount of the dishonored check ($5,330.70), as well as costs, interest from date of judicial demand, and reasonable attorney fees.
Matt's answered, denying that it had ever purchased merchandise from Christiana's. In addition, Matt's claimed that signatory authority over the bank account was transferred to Zuhair Hamed and that when the NSF check was issued, it no longer had signatory authority over the bank account. Matt's cross-claimed against Zuhair Hamed. The record indicates that Hamed was served with the suit, but did not file an answer. After a trial on the matter, judgment was entered in favor of Christiana's in the amount of $8,002.50 with legal interest from the date of judicial demand and attorney's fees "in the full sum of 25% of principal and interest." In his reasons for judgment the trial judge stated only that he "was not impressed with the arguments and defense presented by the defendant" and that he "was of the opinion that the plaintiff was entitled to judgment on the open account."
Matt's moved to set aside the judgment and to grant a new trial on the grounds that the judgment was contrary to law and evidence and that the trial court failed to rule upon its Third Party Demand. The trial court denied the motion for a new trial on the primary demand filed by Christiana's, but granted a new trial on the cross-claim brought against Raidah O. Hamed.

SUIT ON OPEN ACCOUNT
On appeal Matt's challenges only the finding that it was liable for purchases made by its lessee during the period that the grocery store was under lease. Actions on an open account are controlled by La.Rev.Stat. 9:2781 (West 1991) which defines an open account as follows:
"[O]pen account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one of more transactions and whether or not at the time of contracting the parties expected future transactions....
A creditor suing on an open account must prove that the debtor contracted for the sales on an open account. Metrospec Computers & Supply, Inc. v. R.A. Roldan & Company, Inc., 94-0102 (La.App. 4 Cir. 9/29/94), 643 So.2d 833, 835. Where there is no contractual relationship between the parties, there can be no recovery on an open account basis. Massicot v. Schumock, 572 So.2d 821, 822 (La.App. 4 Cir. 1990). For there to be an action on an open account, there must necessarily be a "meeting of minds" or clear understanding between the parties. Blackie's Rental Tool & Supply Co., Inc. v. Vanway, 563 So.2d 350, 353 (La.App. 3 Cir.1990).
There is no evidence in this case that the requisite "meeting of the minds" existed between Matt's and Christiana's. The account was based on a guaranty signed by Zuhair Hamed under the business name of the Baronne Discount Market prior to Matt's purchase of the Baronne Street store. The only transactions between Matthew Nguyen (president of Matt's) and Christiana's were on a cash on delivery basis. Under these circumstances the trial court was clearly wrong in its finding that an open account existed between Matt's and Christiana's.

NONSUFFICIENT FUND CHECK
On appeal, Matt's does not challenge its responsibility for the dishonored check drawn on its corporate bank account. *422 The statute governing nonsufficient fund checks, La.Rev.Stat. 9:2782 (West 1991), provides that whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within thirty days after receipt of written demand delivered by certified or registered mail, the drawer shall be liable to the payee for damages of twice the amount so owing, plus attorney fees and court costs so long as the demand is made in accordance with the statute. Although Matt's does not contend that the attorney fees were improperly awarded (and, in fact, it is unclear whether the attorney fees were awarded under § 2781 or § 2782), this Court has the authority to render any judgment under La.Code Civ.Proc. 2164 (West 1961) which is just, legal, and proper upon the record on appeal irrespective of whether a particular legal point or theory is raised.
As a general rule, attorney fees are not due and owing a successful litigant unless specifically provided for by contract or statute. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc. 449 So.2d 1014, 1015 (La. 1984). Because the award of attorney fees is penal in nature, such statutes are construed strictly. Id. at 1015-16. In this case, Christiana's demand letter included the request for the amount due on open account as well as the amount of the dishonored check for a total of $5,470.41. It is apparent from the invoices submitted and the testimony of Christiana's credit manager that the NSF check was an attempt to pay the balance then due.[1] Thus, in seeking payment for the NSF check as well as the amount due on the open account,[2] Christiana's sought double payment for the goods sold to the grocery store on open account. Because Christiana's did not strictly comply with the provisions of La.Rev.Stat. 9:2782, no attorney fees are available. See Frank L. Beier Radio, 449 So.2d at 1016; Sangid v. Fleming, 530 So.2d 1231, 1233 (La.App. 2d Cir.1988).
For the foregoing reasons, we reverse the trial court's judgment as it pertains to the award on the open account and attorney fees. We affirm the judgment rendering Matt's liable for its dishonored corporate check and amend the judgment to reflect Christiana's recovery of twice the amount due on the NSF check for a total of $5330.70, plus interest commencing from date of judicial demand.
REVERSED IN PART; AFFIRMED AND AMENDED IN PART.
NOTES
[1] Christiana's invoices do not reflect the exact balance due on August 3, 1993, the day the check was presented. However on July 30, 1993, the balance was $2,371.99; on August 4, 1993, it was $2,581.72.
[2] The letter sought payment for "your check and your past due account, a total sum of $5,470.41 [to] avoid the expense, unpleasantness and inconvenience of a lawsuit."