# CIRCUIT COURT OF THE CITY OF RICHMOND

Chevy Chase Savings Bank

v.

James Strong

October 21, 1998

Case No. LC-3152-1

BY JUDGE RANDALL G. JOHNSON

This case is before the court on appeal from the general district court. Plaintiff, Chevy Chase Savings Bank, claims that James Strong is liable for an outstanding credit card balance of $8,629.00. The credit card was not issued to Mr. Strong, he never spoke to any representatives from Chevy Chase Savings Bank, and he never requested that a card be issued to him. The credit card account in question was issued to Mr. Strong's wife, Eska Strong, with Mr. Strong named as an authorized user. Mr. Strong, however, did write a cash advance check on the account in the amount of $5,024.23 on March 6, 1995, which remains part of the unpaid balance. Mr. Strong argues that, as an authorized user of the card, he is not liable for any part of the debt, including the check that he wrote. The court agrees.

Virginia has codified the rule that use by an authorized agent of a cardholder shall be the equivalent of use by the cardholder. Va. Code § 11-31. That rule, however, does not address the question of the liability of the agent. While it does not appear that any Virginia court has addressed the issue, the language used in the statute and case law from other jurisdictions lead the court to believe that the issue is governed by agency law.

In *First National Bank of Findlay v. Fulk*, 566 N.E.2d 1270 (Ohio App. 1989), the Ohio appellate court addressed a similar issue and, applying agency law, found that a wife was not liable for charges made by her on her husband's

credit card. After concluding that the wife was not liable for the entire outstanding balance on the card, the court addressed liability for purchases made by the wife herself. The court found that the wife was an authorized user and as such was not liable for *any* amount, including the purchases she personally made. *See also Standard Oil Co. v. Steele*, 489 N.E.2d 842 (Ohio 1985); *Walker Bank & Trust Co. v. Jones*, 672 P.2d 73 (Utah 1983); *Towers v. World Airways, Inc.*, 933 F.2d 174 (2d Cir. 1991).

It is well established in Virginia that when an agent contracts for a disclosed principal, credit is extended to the principal, and the benefits of the contract are accepted by the principal, there is no personal liability on the agent. 1A M.J., *Agency*, § 71 (1993). Here, Chevy Chase was well aware that the principal was Ms. Strong. It extended credit to Ms. Strong based on her application for a card. They were aware that no contract was ever made with Mr. Strong individually and, therefore, they knew that he was simply an authorized agent.

An agent may be personally liable for a contract if the agent exceeds his authority or agrees to become personally liable. The presumption, however, is that the agent is not personally liable, and the burden of proof is on the person seeking to establish such liability. 1A M.J., *Agency*, § 71 (1993). There is no indication in this case that Mr. Strong exceeded his authority in executing the check against the account or that he agreed to be personally liable for any debt incurred on his wife's account. The liability for the debts, therefore, belongs only to Ms. Strong. Mr. Strong is not liable for any portion of the outstanding balance, including the amount of the check that he personally wrote.