Dear Commissioner Travis:
You recently wrote posing several questions regarding the responsibility of administering the Collection Agency and Regulatory Act (CARA) found at LSA-R.S. 9:3576.1 et seq. Specifically, you ask, "Does OFI have the authority to administratively interpret La R.S. 9:2782 to govern contractual relationships between a debt collector and clients for whom it recovers checks?"
CARA grants to the Commissioner of Financial Institutions regulatory authority over debt collectors or collection agencies. He is authorized to promulgate rules and regulations, conduct hearings, issue and revoke licenses, investigate violations, conduct hearings and set penalties. As such, he has the authority to govern the contractual relationship between the debt collector and the clients for whom it recovers checks and, in doing so, may apply LSA-R.S. 9:2782.
You then ask, "Are payees authorized to contract with their customers that NSF checks will subject them to a specified sum in addition to that provided for in La. R.S. 9:2782 and that the payee or a licensed collection agency can collect the contracted amount?".
LSA. R.S. 9:2782 governs the collection of nonsufficient fund checks. It reads:
 Whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within fifteen working days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs. (emphasis added)
 B. The payee, his agent or assignee, or a holder
may charge the drawer of the check a service charge not to exceed twenty-five dollars or five percent of the face amount of the check, whichever is greater, when making written demand for payment. The payee shall post a notice indicating the amount to be charged a drawer of a check if the check is returned for nonsufficient funds. Such notice shall be posted on the payee's business premises in a convenient and conspicuous place where persons entering the location will see it. (emphasis added)
 C. (1) Before any recovery under Subsection A of this Section may be claimed, a written demand in substantially the form which follows shall be sent by certified or registered mail to the drawer of the check at the address shown on the instrument: "You are hereby notified that a check numbered __________, issued by you on ___________ (date), drawn upon__________, (name of bank), and payable to ___________, has been dishonored. Pursuant to Louisiana law, you have fifteen working days from receipt of this notice to tender payment in full of the amount of the check plus a service charge of twenty-five dollars or five percent of the face amount of the check, whichever is greater, the total amount due being __________. Unless this amount is paid in full within the fifteen-working-day period, the holder of the check may file a civil action against you for two times the amount of the check or one hundred dollars, whichever is greater, plus any court costs and reasonable attorney fees incurred by the payee in taking the action." (2) Notice mailed by certified or registered mail evidenced by return receipt to the address printed on the check or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received by the person making the check. (3) It shall be prima facie evidence that the drawer knew that the instrument would not be honored if notice mailed by certified or registered mail is returned to the sender when such notice is mailed within a reasonable time of dishonor to the address printed on the instrument or given by the drawer at the time of issuance of the check.
The requirements of LSA-R.S. 9:2782 are clear and unambiguous and should be applied as written. (LSA-C.C. Art. 9) The procedures for collecting NSF checks and the sum that may be charged for collecting are specific and strictly enforced. In F. Christiana Co. v. Matt's Grocery,Inc., 95-2073 (La.App. 4 Cir. 5/8/96) 674 So.2d 419 the court denied an award of attorney's fees because the plaintiff did not strictly comply with the provisions of LSA-R.S. 9:2782. LSA-R.S. 9:2782 does not allow for contracting or collecting a processing charge. Therefore, payees are not authorized to contract with their customers that NSF checks will subject them to a specified sum in addition to that provided for in LSA R.S. 9:2782. As the debt collector is either an assignee or an agent of the payee, it cannot contract for or collect a sum greater than that provided for in LSA-R.S. 9:2782.
Finally, you ask, "If the second question is answered affirmatively, does that open the door for other OFI licensees to contract with its customers for greater or different fees, charges, or terms of the transaction than those which are authorized by statute, e.g., (1) in a pawn transaction contract for a shorter period than the statutorily mandated minimum time to redeem pawned property; or (2) in a licensed lender transaction, interest rates, deferral fees, late charges, origination fees, documentation fees, notarial fees, or credit insurance premiums?".
The same would apply to other licensees of the Office of Financial Institutions. It is our opinion that neither pawnbrokers nor licensed lenders, or any other licensees of OFI, would be allowed to contract for conditions or charges outside those provided for by statute.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ Isabel B. Wingerter Assistant Attorney General
IBW:spa