275 So.2d 468 (1973)
Philip J. SLIMER et ux., Plaintiffs-Appellants,
v.
Don S. WHITE, Defendant-Appellee.
No. 12028.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
Rehearing Denied March 27, 1973.
Jackson B. Davis, Shreveport, for plaintiffs-appellants.
Brocato & Mangham, by C. P. Brocato, Shreveport, for defendant-appellee.
Before AYRES, BOLIN and PRICE, JJ.
Rehearing Denied, En Banc March 27, 1973.
AYRES, Judge.
This is an action by plaintiff, Mrs. Emma Lou Slimer, a real estate broker, joined by her husband, Philip J. Slimer, to recover from the defendant, Don S. White, a realtor's commission allegedly due from the sale of a residence and lot of the defendant under a verbal nonexclusive option.
Plaintiff-realtor bases her claim on the contention that it was through her efforts that the purchaser was procured, the parties brought together, and the property sold. Defendant contends that plaintiff's efforts were not the procuring cause of the sale; nor did her efforts result in a consummation of the sale. This defense was upheld by the trial court and, from a judgment accordingly rejecting plaintiffs' demands, they prosecute this appeal.
*469 The facts important to a decision in this cause are that Mrs. Dorothy B. Bell, an associate, and on behalf of Mrs. Slimer, contacted defendant and sought a listing of his property for sale. Defendant gave Mrs. Bell a verbal nonexclusive option or authority to sell the property for a price of $34,900. Soon thereafter, Mrs. Bell showed the house to Mr. and Mrs. Joseph B. Pierce, Jr., and obtained from them a written counterproposal to the effect that they would purchase defendant's property for a price of $32,500. On submission of this proposition to defendant, he rejected it, but, however, agreed and authorized Mrs. Bell to inform the Pierces that he would accept $33,900 and make certain repairs to the house. This offer was accepted under the condition that the then present residence of the Pierces' would be sold. Several weeks followed during which plaintiff had not been able to sell the Pierces' residence. Thereupon, Pierce sought and obtained permission from plaintiff to negotiate directly with the defendant property owner in an attempt to get him to agree to take the Pierces' home as a trade-in on the contemplated sale to them of defendant's property. After weeks of negotiations, an agreement was eventually reached between Pierce and White whereby Pierce agreed to purchase the White residence for $33,900, in connection with which White agreed to purchase Pierce's equity in his then present home as well as certain vacant lots owned by Pierce.
Defendant's position is that he should not be liable for a realtor's commission to plaintiff under the foregoing stated circumstances inasmuch as substantial changes in the final agreement had been effected from the original proposal. It was further contended that as plaintiff had been unable to sell Pierce's home, which was a condition of the original contract, plaintiff's efforts did not culminate in a final agreement for the sale of the property.
We, however, are impressed with the fact that the agreement between plaintiff and defendant with respect to the sale was never terminated. It appears to be a matter of common knowledge, as the evidence reflects here, that in many cases proposals and counterproposals are made and rejected before a sale is finally agreed upon and consummated. Much haggling often takes place directly between the parties. Pierce sought of plaintiff permission to negotiate directly with defendant. Permission was so granted without expression of any thought that plaintiff would thereby release any claim of compensation for her services. The record is void of any showing whereby it could be concluded that either plaintiff or defendant intended or expected to be released from their respective claims and obligations. Nor do we find any support in the record or any contention that by mutual consent the listing of the property was terminated.
A rule appears firmly established to the effect that, if a real estate broker is the procuring cause of a sale, he is entitled to a commission even though the broker may not have been the exclusive sales agent for the property. Corbitt v. Robinson, 53 So.2d 259 (La.App., 2d Cir. 1951); Keating v. Lachney, 216 So.2d 906, 909 (La.App., 1st Cir. 1968). In the latter case, it was stated:
"It has also been well established that a real estate broker is entitled to a commission if he is the procuring cause of the sale even though the transaction is consummated by the parties at a different price from that procured by the broker. Kaufman Agency v. Viccellio, 174 So. 709 (La.App., 1937)."
In this connection, it was well stated in U. S. Realty Sales of Shreveport v. Rhodes, 34 So.2d 523, 524 (La.App., 2d Cir. 1948):
"We concede the proposition of law urged by the plaintiff that one who is employed as a broker becomes entitled to his commission whenever he procures for his principal a party with whom he is satisfied and who actually contracts for the purchase of the property and *470 that once the owner and purchaser are brought together through the broker's efforts the fact that the sale is afterwards consummated between owner and purchaser without the broker's knowledge or presence does not relieve the owner from liability to pay the broker's agreed commission. Sollie v. Peoples Bank & Trust Co., La.App., 194 So. 116."
As pointed out by this court in Corbitt v. Robinson, supra (53 So.2d 259, 262):
"The fact that the principal under such circumstances makes the sale to a prospective purchaser at a lower price than that submitted to the purchaser through the agent, does not deprive the agent of his right to a commission, if the other circumstances are present, as is noted from the following language of the Court in the case of Kaufman Agency v. Viccellio, La.App., 174 So. 709, 711: `* * * And where the agency is not exclusive, but the agent is the moving cause in securing a purchaser, and the principal, without the knowledge of the agent, sells to this prospective purchaser, at a lower price, the agent is entitled to his commission. Grace Realty Co. v. Peytavin Planting Co., Inc., 156 La. 93, 100 So. 62, 43 A.L.R. 1096.'"
Moreover, a real estate broker is considered the procuring cause of a sale and is entitled to a commission if he brings the parties together, even though the parties conduct the final negotiations themselves and even though the broker does not have a listing or an exclusive-agency agreement. Keating v. Lachney, supra; Searcy v. Jacobs, 151 So.2d 166 (La.App., 4th Cir. 1963); Rolston v. Buff, 130 So. 2d 732 (La.App., 1st Cir. 1961); Veters v. Krushevski, 100 So.2d 93 (La.App.Orl. 1958); Wright v. Monsour, 86 So.2d 586 (La.App., 2d Cir. 1956); Dew v. Hunter, 66 So.2d 400 (La.App., 2d Cir. 1953); U. S. Realty Sales of Shreveport v. Rhodes, supra; White v. Havard, 25 So.2d 108 (La. App., 2d Cir. 1946).
Our conclusions are based upon a finding of manifest error in the judgment appealed.
Therefore, for the reasons herein assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiffs, Philip J. Slimer and Mrs. Emma Lou Slimer, against the defendant, Don S. White, for the full sum of $1,017, together with legal interest thereon from date of judicial demand until paid, and for all costs, including the cost of this appeal.
Reversed and rendered.