504 So.2d 580 (1987)
LEE EYSTER AND ASSOCIATES, INC.
v.
Richard S. FAVOR, et al.
No. CA-5893.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Rehearing Denied April 15, 1987.
Writ Denied June 5, 1987.
*581 Raymond C. Burkart, Jr., New Orleans, for plaintiff-appellee-cross appellant, Lee Eyster and Associates, Inc.
Walter R. Fitzpatrick Jr., New Orleans, for defendants-appellants, Richard S. Favor, George Springer, et al.
Before GULOTTA, BARRY and KLEES, JJ.
KLEES, Judge.
This appeal stems from a dispute over a real estate broker's commission. Defendants are the former owners of a piece of commercial property known as the Soule building. Plaintiff, a real estate broker, claims that he made an oral agreement with defendants that would entitle him to a stipulated commission if he found a buyer for the property. Plaintiff then worked with a prospective buyer named Guy Olano for several months, during which time he presented defendants with two offers to purchase, both of which were rejected. A short time later, the property was sold to a group of investors headed up by Mr. Olano without plaintiff's knowledge or participation. Upon learning of the sale, plaintiff instituted suit against the owners of the property (George Springer et al) and against Richard S. Favor, who had acted as agent for the owners during all of plaintiff's dealings with them.
A jury trial was held. At the conclusion of the trial, the jury was given the option of returning a verdict either for or against all defendants in any amount which they felt justified. The jury decided that defendants were liable to plaintiff in the amount of $82,000. Defendants then moved for a judgment notwithstanding the verdict. The trial judge issued a judgment n.o.v. on behalf of defendant Favor, dismissing plaintiff's suit against him with prejudice; in addition, he entered a judgment n.o.v. in favor of the other defendants which reduced the amount of their liability by one-half, or $41,000. Defendants now appeal the judgment n.o.v., claiming that they are not liable to plaintiff in any amount. Plaintiff has answered the appeal by asking that the judgment n.o.v. be reversed and the jury verdict reinstated. After reviewing the record, we affirm the judgment n.o.v.
Under Louisiana law, when a realtor does not have an exclusive listing contract, he may still be entitled to a commission if he proves that he had an agreement, either oral or written, for a non-exclusive listing and that he was the "procuring cause" of the sale. Slimer v. White, 275 So.2d 468 (La.App. 2nd Cir.1973); Sleet v. Williams, 291 So.2d 495 (La.App. 3rd Cir. 1974); Dickerson v. Hughes, 370 So.2d 1301 (La.App. 3rd Cir.1979). Moreover, a real estate broker is considered the procuring cause of a sale if he brings the parties together, even though the parties conduct final negotiations themselves and even though the broker does not have a listing or an exclusive agency agreement. Slimer v. White, supra at 470; Dickerson v. Hughes, supra at 1304.
The evidence in this case was conflicting as to the existence of an oral agreement between plaintiff and defendants. Plaintiff testified that there was an agreement to pay him a commission (6% of the first $100,000 and 4% of the remainder of the price) and that he relied upon this agreement in soliciting Mr. Olano. Defendants Favor and Springer testified that there was no such agreement and that since Mr. Olano was not represented by plaintiff at the time his final offer was submitted and accepted, plaintiff is not entitled to any commission. There was conflicting evidence as to whether the actual purchase price was $2,000,000 or $3,000,000, with the jury verdict awarding plaintiff $82,000 (Assuming *582 purchase price of $2,000,000, award is equal to 6% of $100,000 plus 4% of remaining $1,900,000).
The jury's finding that an oral agreement existed, a finding upheld by the judge in the judgment n.o.v., was reasonable in light of the evidence. Civil Code article 1846 provides that an oral contract which has a price or value in excess of $500 must be proved by at least one witness and other corroborating circumstances. In O'Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir.1979), we held that a party to a lawsuit may serve as his own credible witness for purposes of satisfying article 1846 (formerly article 2277). Furthermore, although such a party must show other circumstances which corroborate his claim, only general corroboration is required, not independent proof of every detail of his testimony. The question of whether evidence offered by the plaintiff corroborates his claim under an oral contract is a finding to be made by the trier of fact, and is therefore not subject to reversal unless clearly wrong. Id. at 748. In this case, the plaintiff produced several pieces of documentary evidence which the jury could have reasonably found to be corroboration. Therefore, we will not disturb the jury's verdict as to the oral contract.
In ruling on the motion for judgment n.o.v., the trial judge altered the jury's verdict only as to the amount awarded and the liability of defendant Favor, who was not an owner of the property. This court has recently stated the standard for ruling on a judgment n.o.v. as follows:
In ruling on a motion for a judgment notwithstanding the verdict, pursuant to LSA-C.C.P. Art. 1810.1 (now substantially reenacted in LSA-C.C.P. Art. 1811), the trial judge considers all of the evidence and reasonable inferences in a light most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict, the motion should be granted and the trial judge should render a judgment notwithstanding the jury's findings. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions, the motion for judgment N.O.V. should be denied. In applying this standard, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its factual judgment for the jury's. Blum v. New Orleans Public Service Inc., 469 So.2d 1117, 1119 (La.App. 4th Cir.1985), writ denied, 472 So.2d 921 (La.1985). (citations omitted).
We find that the trial judge correctly applied the standard set forth in Blum when he granted the judgment n.o.v. Regarding the liability of defendant Favor and the amount of the award, we agree with the trial judge that even viewing the evidence in the light most favorable to the plaintiff, reasonable persons could not have found as the jury did. Plaintiff admits that defendant Favor was not an owner of the property, but an agent for the owners. Favor's testimony is in agreement on this point. As a mere agent, Favor cannot possibly be liable to pay a commission on the sale of property owned by his principals if the principals are also liable. Favor negotiated on behalf of his principals. If Favor's representations to the plaintiff were authorized, only the principals would be liable; on the other hand, if Favor's actions were unauthorized, the principals would not be bound. There was never any claim that Favor's actions were unauthorized. Therefore, as a matter of law, he cannot be liable.
With regard to the amount of the award, we also find that the trial judge correctly reduced it by one-half. The amount awarded by the jury was equal to the full commission that would be due a broker who acted as both the listing and selling agent for the property. Nevertheless, plaintiff testified that after he presented the owners with Mr. Olano's second offer, which was rejected, he received from Mr. Favor a document which had plaintiff's name deleted as the listing realtor and Favor's name inserted. Plaintiff testified that since Mr. Favor is a licensed real estate broker, plaintiff accepted from *583 that point on that he would have to split the commission with Mr. Favor. Therefore, plaintiff could not have expected to receive more than one-half the normal commission, which is the amount awarded by the jugment n.o.v. We find that the judge correctly reduced the award despite Favor's denial on the stand that he either received a commission or was entitled to one. If plaintiff considered himself as only the selling agent and not the listing agent, he is entitled to only the selling agent's portion of the commission. In fact, in his testimony, plaintiff quoted a letter that he wrote to Favor after learning of the sale, in which plaintiff demanded his "equal share" of said commission. (Rec. Vol. Ill, p. 73). Therefore, assuming a sale price of $2,000,000, the jury should not have awarded plaintiff more than $41,000.
Accordingly, for the foregoing reasons, the judgment notwithstanding the verdict entered by the trial judge is affirmed.
AFFIRMED.

On Rehearing Denied
Having considered appellants' argument for rehearing, we believe that the jury was adequately instructed in the law and that its conclusions as to the facts of the case are not manifestly erroneous. Therefore, we refuse to reconsider our decision affirming the jury's finding of liability on the part of appellants.