JJ1DWIN A. LOMBARD, Judge.
FACTS AND PROCEDURAL HISTORY
Defendants, Edward E. Markle and Gloria Bell Markle, appeal the trial court’s judgment ordering them to pay assessments from 1997 through 2001 to the Lakewood Homeowner’s Association, and dismissing their reconventional demand with'prejudice. We affirm the trial court’s judgment.
Lakewood Estates is a private subdivision located in Orleans Parish. It is a residential planned community with common facilities provided for the benefit of the owners and occupants of the community. The common facilities of Lakewood Estates are maintained and administered by the Homeowners Association “Association.” Membership in the Association is appurtenant to and may not be separated from ownership of a lot in Lakewood Estates. The contractual agreements by and between the lot owners of Lakewood Estates and the Association which govern the respective obligations of each are contained in the following documents: The Act of Establishment of Servitudes Restrictions and Privileges by Lakewood Estates Development Corporation, “the Act of Establishment”; the Articles of Incorporation of the Association, “Articles of Incorporation”; and the By-laws of the Association, “the By-laws”. The ^Association is charged with the duty of enforcing the provisions of the Act of Establishment, the Articles of Incorporation, and the By-laws. To acquire funds to meet its duty of maintaining the common facilities, the Association collects monthly dues and special assessments established *636 as a charge on each lot respectively in Lakewood Estates.
In the second half of 1989, the Association calculated the monthly assessment based on sixty-three (63) lots as opposed to the original seventy-seven (77) lots to reflect the changes. It concluded that the assessment formula would be based upon the total number of legal lots existing as of January 1 of each year. This was done to give individuals who owned two lots the opportunity to re-subdivide their two lots into one lot, thereby assessed only one fee on that one lot.[1]
Meanwhile, homeowner Ben Seale challenged the new assessment formula and refused to pay it. The Association filed liens against his property, and then filed a suit to enforce the liens. The trial court ruled in favor of the Association. However, this Court reversed the trial court’s decision and held that the documents creating the “covenant” provided for equality of expense sharing and required a vote by members before the method of allocation could be changed. Lakewood Estates Homeowners Ass’n v. Seale, 649 So.2d 17 (La.App. 4th Cir.1994). Our ruling in that case provided that the fees were to be assessed equally among the original seventy-seven lots comprising the subdivision.
Following the Seale decision, and the Association’s interpretation of the Act of Establishment, By-Laws and Articles of Incorporation, the Association decided that re-subdivision was no longer a viable option to avoid paying two assessments. Furthermore, the Association Board felt that they would be unable to obtain Lenough votes from the members of the Association to change the method of assessment as set forth in the Act and ByLaws. Therefore, the Association began assessing dues on each of the seventy-seven original lots.
The defendants paid two assessments for the two lots they owned in 1995 and 1996. The defendants submitted the payments under protest. However, the defendants only submitted payments for one lot in the subsequent years that followed. In response, the Association filed and recorded liens against both lots and filed suit to enforce the liens. Thereafter, the defendants filed a reconventional demand against the Association.
After trial on the merits, the trial court granted judgment in favor of the Association and against the defendants. The trial court awarded assessments for 1997 through 2001, plus interest from the date each assessment was due and costs for recording the liens, court cost and attorney fees. The trial Court also dismissed the defendants’ reconventional demand. The trial court found that the defendant did not show by a preponderance' of the evidence that they had a valid oral agreement with the bank, the developer and a member of the Association Board excusing them from the dues and fee assessments as set forth in the Act of Establishment of Servitudes, Restrictions and Privileges and By-Laws. The trial court also found that the Act of Establishment of Servitudes, Restrictions, and Privileges were not abandoned. The defendants filed this appeal to review the trial courts findings.
ASSIGNMENTS OF ERROR
The defendants assert that the trial court erred in several ways: (1) by finding that no valid oral agreement existed allowing the payment of only one assessment *637 14regardless of the number of lots owned; (2) by finding that the Act of Establishment of Servitudes, Restrictions, and Privileges was not abandoned; (3) by finding that the assessments were not prescribed; and (4) by dismissing their reconventional demand.
LAW AND ANALYSIS
The appellate court’s review of factual findings is governed by the manifest error — clearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s finding was clearly wrong. See Stobart v. State, through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993). Furthermore, when factual findings are based on the credibility of witnesses, the fact finder’s decision to credit a witness’s testimony must be given “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, 617 So.2d at 882. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.
^ASSIGNMENT OF ERROR (1)
The defendants contend that they were not required to pay the assessments on both lots owned by them because they had an oral agreement with the Association to only pay one fee for both lots. The defendants state that Mr. St. John and Ms. Nungesser[2] testified that they were not privy to any agreement and would have no reason to disagree with the defendants’ testimony regarding the existence of the oral agreement. The defendants conclude that since there was no contradicted testimony the trial court should have found that an oral agreement did in fact exist between the Association and the defendants.
Louisiana Civil Code Article 1846 requires that an oral contract in excess of $500.00 must be proven by at least one witness and other corroborating evidence. A party may offer his own testimony in support of a claim of an oral contract in excess of $500.00, but must show other circumstances which corroborate his claim. Although corroboration is required, only general corroboration must be shown, not independent proof of every detail of his testimony. The question of whether evidence offered by the plaintiff corroborates his claim under an oral contract is a finding to be made by the trier of fact, and is therefore not subject to reversal unless clearly wrong. Lee Eyster Associates, Inc. v. Favor, 504 So.2d 580, 582 (La.App. 4 Cir.1987), writ denied, 507 So.2d 232(La.1987). Taylor v. Dowden, 563 *638 So.2d 1294, 1297 (La.App. 3d Cir.), writs denied, 568 So.2d 1057(La.1990).
It is well settled that a party in the litigation may serve as his own ‘credible witness’ in fulfilling the requirements of this article. Ville Platte Concrete v. Western Cas. Sur., 399 So.2d 1320 (La.App. 3d Cir.1981); O’Rourke v. Tracy, |fi375 So.2d 747 (La.App. 4th Cir.1979); Richard v. Comeaux, 626 So.2d 507, (La.App. 3 Cir. 1993); Pennington Const., Inc. v. R A Eagle Corp., 652 So.2d 637, 94-575 La. App. 1 Cir. 3/3/95, (La.App. 1 Cir.1995). However, the corroborating circumstances that are required must come from a source other than the plaintiff. Hilliard v. Yar-brough, 488 So.2d 1038 (LaApp. 2 Cir. 1986); Pennington, supra. Whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact. Pennington, supra; Pelican Electrical Contractors v. Neumeyer, 419 So.2d 1 (La.App. 4 Cir.1982), writ denied, 423 So.2d 1150 (La.1982).
In the present case, the trial court did not find any corroborating circumstances. Other than the defendants’ testimony, there were no witnesses to testify to the existence of such an agreement. We accept the trial courts finding that the defendants did not show by preponderance of the evidence that they had a valid oral agreement excusing them from the dues and fee assessments. As such, this assignment of error is without merit.
ASSIGNMENT OF ERROR (2)
The defendants assert that the trial court erred in finding that the Act of Establishment of Servitudes, Restrictions, and Privileges were not abandoned. First, the defendants claim that the Association abandoned their right to collect assessments on both lots because it allowed the payment of one fee for both lots. Secondly, the defendants contend that the Act of Establishment has been abandoned because the Association allowed certain acts to occur that violated the restrictions. The following acts occurred that supposedly violated the Act of Establishment: 1) clubhouse that belonged to the Association was rented out to be used for commercial purposes; 2) a resident conducted commercial activity from |7his home; 3) a resident parked his boat in the subdivision; and 4) a property owner put a gate in the fence at the back of his property. As such, the defendants argue these violations also amount to the abandonment of the Act of Establishment.
The Association argues that it never failed to collect assessments. The defendants knew that they were hable for the assessments on both their lots. Thus, the only reason that they were not assessed on both lots from 1990 until 1995 was because they misrepresented to the Association that they had re-subdivided their two lots into one, when they had not. The Association also argues that the defendants did not produce any evidence that showed the Association knew of the alleged violations. When the Association was made aware of any violations, it asked the offending property owners to remediate the situation. Thus, the Act of Establishment has not been abandoned.
Generally, insubstantial, technical or infrequent violations will be given little effect and the property owner against whom abandonment is asserted must have known of the alleged violations or have had a duty to know. Also, there is no abandonment of subdivision restrictions unless violations have been such that there has been a subversion of the original scheme of the subdividers, resulting in a substantial change in the intended nature of the subdivision. Schwab v. Kelton, 405 So.2d 1239 (La.App. 1st Cir.), writ denied, 407 So.2d 749 (La.1981); East Parker Properties, *639 Inc. v. Pelican Realty Co., 335 So.2d 466 (La.App. 1st Cir.), writ refused, 338 So.2d 699 (La.1976).
The trial court found that the Association did not abandon the right to collect the assessments. In fact, the trial court found that by paying those assessments in 1995 and 1996, the defendants interrupted any possible abandonment. In addition, the trial found that the violations complained of were sporadic and insufficient to |sconstitute a finding of abandonment. We find no manifest error in the trial courts findings on this issue. As such, this assignment of error is without merit.
ASSIGNMENT OF ERROR (3)
In the third assignment of error the defendants assert that the trial court erred in not finding that the assessment dues were prescribed under Civil Code articles 781, 782 and 783. The defendants argue that the Association failed to timely and properly assess and collect the appropriate dues and fees under the assessment formula provided by the Act of Establishment. The evidence presented at trial clearly discloses the Association’s complete disregard for the dues structure contained in the Act of Establishment. Thus, the trial court erred in failing to find that the Association breached the Act of Establishment for over ten years and that any real rights associated with the Act of Establishment are fully and completely dissolved.
The Association state that the Louisiana Revise Statute 9:1147 provides that a homeowners association has five years after the date of recordation of its privilege to file suit to enforce the privilege. Lakewood Estates filed its suit in less than two years. Therefore, the Association argues that the defendants’ reliance on Civil Code Articles 781 and 782 is misplaced.
It is well settled that a trial judge’s factual determinations are entitled to great weight and should not be disturbed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record reveals ample support for the trial court’s factual conclusions. After carefully reviewing the record, we concur with the finding of the trial court that Civil Code articles 781 and 782 are inapplicable to the payment of dues and fees. We also agree with the |9trial court’s findings that the Louisiana Homeowners Association Act supercede Civil Code article 783.
ASSIGNMENT OF ERROR (4)
In their fourth assignment of error the defendants complain that the trial court erred in dismissing their reconventional demand. It was solely within the discretion of the trial court to make the factual determinations concerning the proof in support of the reconventional demand. After a complete review of the record, we do not find that the trial court’s decision that the defendant’s damages were not sufficiently proven to be manifestly erroneous or clearly wrong.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. By July 1990, the Association informed the defendants that they owed two assessments for their two lots. The defendants informed the Association that they had begun the re-subdivision process and so informed the plaintiff. However, the re-subdivision process was never completed.

. Mr. St. John was a former President and Ms. Nungesser was the former Secretary of the Association.