MARC E. JOHNSON, Judge.
12This appeal arises from the granting of an award of $11,212.00 plus legal fees and legal interest from a suit on an open account in favor of Appellant/Plaintiff, Regel L. Bisso, L.L.C. (hereinafter referred to as “Bisso, L.L.C.”) and against Appellees/De-fendants, Andree Stortz wife ofi'and Alvin Stortz (hereinafter referred to as “the Stortzes”), in proper persons, in the 24th Judicial District Court, Division “H”. For the following reasons, we affirm the ruling of the trial court.
In March 2007, the Stortzes contacted Bisso, L.L.C., a limited liability company in the business of law practice, and spoke with Regel L. Bisso (hereinafter referred to as “Mr. Bisso”) concerning representation in a dispute with Palm Harbor Homes in connection with a contract to construct a modular home on their property. Mr. Bis-so resolved that particular matter with correspondence on behalf of the Stortzes. Approximately one year later, the Stortzes contacted Mr. Bisso and requested that he represent them in an arbitration proceeding brought against them by Palm Harbor Homes. Mr. Bisso, through Bisso, L.L.C. represented the Stortzes in the arbitration proceeding.
|3At the conclusion of the arbitration proceeding, the Stortzes were awarded an amount of $49,876.50, which included an award of attorney’s fees of $11,212.00. Subsequent to the final decision of the arbitration proceeding, Bisso, L.L.C. sent demand letters to the Stortzes for the remaining amount of the attorney’s fees owed. After being unsuccessful in obtaining the amount demanded, Bisso, L.L.C. filed a suit on an open account claiming *1035 unpaid attorney’s fees against the Stortzes in the amount of $24,650.00.
After a trial on the merits, the trial court awarded Bisso, L.L.C. $11,212.00 in legal fees pertinent to the representation of the Stortzes in the arbitration proceeding. In addition, the trial court awarded Bisso, L.L.C. $1,500.00 as reasonable attorney’s fees for its representation in the suit on an open account pursuant to LSA-R.S. 9:2781. In its Reasons for Judgment, the trial court found that the evidence established that Bisso, L.L.C. had provided legal services to the Stortzes that needed to be compensated for work completed before and after the arbitration. Additionally, the trial court stated that it awarded Bisso, L.L.C. the same amount of attorney’s fees that the arbitrator awarded to the Stortzes in the arbitration settlement. The trial court later amended its judgment to award Bisso, L.L.C. the sum of $11,212.00 plus legal interest from the date of judicial demand until paid and all costs of the proceeding. The instant appeal followed.
On appeal, Bisso, L.L.C. raises three assignments of error[1] that allege the trial court abused its discretion in awarding $11,212.00 for the main demand because that amount was only one-half of the requested amount and was the same amount the Arbitrator awarded in the arbitration settlement.
At the trial on the merits, Mr. Bisso testified that he and the Stortzes had entered into an oral contract for legal representation at the rate of $200.00 per hour, Land the Stortzes would be responsible for any costs incurred. Mr. Bisso also testified that he told the Stortzes that they would have to eventually pay him and offered payment plans after acknowledging that they were “strapped for cash.” However, Mr. Bisso attested he sent monthly billing statements to the Stortzes until the time he filed the suit on an open account, which he claimed the statements were completely ignored. In support of Mr. Bisso’s testimony, Bisso, L.L.C. submitted billing statements and demand letters as evidence that it had performed legal services for the Stortzes at an hourly rate of $200.00 per hour.
During the questioning of the Stortzes, Mrs. Stortz testified on behalf of the couple. Mrs. Stortz testified that they stated to Mr. Bisso from the onset that they could not afford an attorney and attorney’s fees. Mrs. Stortz contended that she did most of the “leg work” for Mr. Bisso on the case. Mrs. Stortz also testified they did not agree with the way the case was handled by Bisso, L.L.C., and Mr. Bisso incurred unnecessary fees when handling the case. Mrs. Stortz further stated they had only received one billing statement from Bisso, L.L.C. in the mail but later admitted that she did see all of the billing statements at a later point in time.
Rules of Professional Conduct, Art. 16, Rule 1.5(b) provides, “[t]he scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation ...”
LSA-C.C. art. 1846 provides that a contract not reduced to writing and the price or value is in excess of $500.00 must be “proved by at least one witness and other corroborating circumstances.” A plaintiff may offer his own testimony in support of his claim; however, the other circumstances which corroborate the claim *1036 must come from a source other than the plaintiff. Louisiana Weld & Press, L.L.C. v. Loupe Const., 09-720 (La.App. 5 Cir. 1/12/10); 31 So.3d 467, 472, citing John Cherbonnier Construction v. Big Easy Roofing, Inc., 05-803 (La.App. 5 Cir. 3/14/06); 926 So.2d 587, 589-590.
In the present case, all of the extrinsic evidence presented to establish the oral contract with the Stortzes for legal representation came from Mr. Bisso, a member of Bisso, L.L.C., through his testimony and the submission of billing statements and demand letters attested to by him. However, this evidence is insufficient to prove that Bisso, L.L.C. was owed $24,650.00 from the Stortzes pursuant an oral contract because no independent corroboration was presented on its behalf.
After considering the foregoing, we find Bisso, L.L.C. failed to prove the value of its oral contract with the Stortzes. Because Bisso, L.L.C. failed to prove the value of the oral contract, the assignments of error raised in its brief lack merit. Accordingly, we do not find the trial court abused its discretion in awarding $11,212.00 to Bisso, L.L.C. for the legal services provided in regards to the arbitration proceeding.
DECREE
Accordingly, the judgment of the trial court awarding attorney’s fees in the amount of $11,212.00 to Bisso, L.L.C. is affirmed. Bisso, L.L.C. is to bear the costs of this appeal.

AFFIRMED

. Although Bisso, L.L.C. lists three separate assignments of error, the assignments were addressed in globo in the brief and will be addressed as such in this opinion