GARRETT, J.
The plaintiff, the Law Office of Brian E. Crawford, L.L.C., appeals from a trial court judgment that rejected its open account claim against two individuals. The trial court found that the plaintiff failed to provide sufficient corroborating evidence required by La. C.C. art. 1846 to prove an *672 oral contract to represent the individual members of a limited liability company. Finding no error by the trial court, we affirm the trial court judgment, which dismissed the plaintiff's claims against the individual defendants.
FACTS
From the trial testimony of Brian Crawford ("Brian"), we glean the following. Over the years, Brian performed legal work on behalf of Winnsboro Elevator, L.L.C. ("Winnsboro"), a company in the grain elevator storage business, and its agents and officers, Noble E. Ellington, Jr., and his son, Ryan Ellington. While both were members of the company, Ryan was the manager of the elevator. Brian testified that, in the first litigation he handled for them, the company and both men were his clients, but the company was the only named party.
At some point, Winnsboro sold the facilities that formerly housed its operations and the grain stored in the silos to Lakeland Grain Company; ultimately, Agspring purchased those assets. Agspring filed suit against Lakeland and Winnsboro, alleging that some of the grain sold to them was spoiled and that the two companies, through their officers and directors, had failed to disclose the condition of the grain, thereby reducing the value of the purchased assets.
In the summer of 2014, Brian met with Noble and Ryan about this lawsuit and agreed to represent them. Because Winnsboro was essentially defunct and had no funds, consideration was given to not defending against the suit. Due to the possibility of personal liability against Noble and Ryan as members and managers, Brian did not agree with this course of action. In August 2014, Noble requested that Brian prepare an estimated budget for the case in the event that it went through discovery and trial. The budget, which estimated costs of $46,175, was emailed to Noble, who responded, "A good bit more than we thought!" Nonetheless, Brian provided representation in the case. Brian performed various legal services, including representing Noble and Ryan at their depositions.[1] Although they were not named as defendants, there were allegations that they knowingly or negligently failed to disclose the condition of the grain. The case eventually settled in about November 2015. According to Brian, the settlement documents identified Noble and Ryan as members and managers of Winnsboro and released them from any individual responsibility. Winnsboro was relieved of paying any money unless it secured settlements in unrelated cases involving BP and Syngenta.[2]
At the conclusion of the litigation, Brian sought payment of his legal bills. He had numerous conversations with Ryan and Noble. The Ellingtons told him that they were still having financial difficulty and that they would pay him when they received funds from settlements in the unrelated claims involving BP and Syngenta. (Brian was not involved as counsel in either of those cases.) Brian also sent several demand letters which were addressed to Ryan and Noble. The first demand letter, which was dated December 21, 2015, stated that, due to Noble and Ryan's assertion that Winnsboro had no funds, the plaintiff had agreed to forgo monthly payment of bills and allow them to pay when they *673 were able to do so. However, the letter recited a conversation between Brian and Noble wherein Noble indicated "that he understood that payment would not be required for these legal services until, or unless, settlement was reached in either the BP or Syngenta cases." Brian stated in the letter that there was no such agreement and that he would have never agreed to such a contingency on an hourly rate case.
In October 2016, the plaintiff filed this lawsuit on open account, against Winnsboro, Noble and Ryan. The petition asserted that the defendants owed legal fees in the amount of $47,338.24, together with interest and attorney fees and costs, pursuant to La. R.S. 9:2781. It alleged that the defendants agreed to pay an hourly rate of $225 for attorney work and $90 per hour for paralegal work, plus reimbursement of expenses incurred by the plaintiff, and that they were sent monthly invoices itemizing the work performed and the amount charged. The total debt was $47,473.24; the only payment made was $135 in July 2014. Attached to the petition were a statement dated July 31, 2016, showing the balance owed of $47,338.24; copies of five demand letters; and copies of the law firm's detail transaction file list showing the billable hours and amounts owed. A verification and affidavit by the law firm's bookkeeper affirmed the correctness of the petition and the accuracy of the monthly statement and detail transaction file list.
The defendants filed a general denial answer. Noble and Ryan also filed an exception of no right of action in which they claimed that they never entered into any contractual relationship with the plaintiff in their personal capacities and that the plaintiff never represented them in their personal capacities. They maintained that any legal services were performed solely on behalf of the company. The exception was withdrawn immediately prior to the trial on the merits held on April 3, 2017.
Only two witnesses testified-the law firm's bookkeeper and Brian. The bookkeeper verified the monthly invoices for the legal work, and they were admitted into evidence. She also stated that the invoices showed "Winnsboro Elevator LLC/Agspring" as the client, and that no invoices had Noble's or Ryan's personal names on them. The only payment received was a check for $135 from Winnsboro in July 2014. In his testimony, Brian set forth the history of his legal work for the defendants, as explained above. He considered Noble and Ryan to be longtime friends and valued clients. Because he trusted them to pay their legal fees, he did not require them to execute a personal guaranty agreement for his representation. He testified that the Ellingtons orally guaranteed Winnsboro's debt and that he would not have accepted representation had they not done so. The demand letters and the email exchange with the proposed budget were admitted during his testimony. Noble and Ryan did not testify or present any evidence. Their attorney maintained that the plaintiff's evidence was legally insufficient to establish a case against even Winnsboro, much less the Ellingtons individually, as being responsible for the amounts claimed. The trial court took the matter under advisement.
On June 14, 2017, the trial court issued lengthy written reasons for judgment. It ruled that only Winnsboro, but not the Ellingtons, owed the debt to the plaintiff. In so ruling, the trial court found that the plaintiff had failed to carry its burden of proof under La. C.C. art. 1846, which requires that an oral contract in excess of $500 be proven by "at least one witness and other corroborating circumstances." After reviewing the jurisprudence, the trial *674 court concluded that the billing statements and demand letters generated by the plaintiff were insufficient corroboration of an oral contract between the plaintiff and the Ellingtons. It found that the check from Winnsboro in partial payment of the legal fees and the emails corroborated the agreement between the plaintiff and Winnsboro, but not the Ellingtons in their personal capacities. It noted that the budget attached to an email referenced "Winnsboro Elevator/Agspring" with no mention of the Ellingtons. Finally, the trial court stated that there was no oral contract by which the Ellingtons guaranteed Winnsboro's debt because La. C.C. art. 3038 required a contract of suretyship to be express and in writing, and La. C.C. art. 1847 prohibited parol evidence to establish a promise to pay a third person's debt. The trial court noted that it had no reason to doubt the veracity of Brian's testimony, but that it was required to follow the applicable law.
Judgment was signed on August 17, 2017, against Winnsboro in the amount of $47,338.24, together with legal interest from date of judicial demand until paid, together with attorney fees of $15,000 and costs. The plaintiff's claims against Noble and Ryan were dismissed with prejudice. On appeal, the plaintiff claims that the trial court erred in its ruling.
LAW
La. C.C. art. 1846 states:
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
It is well settled that a party in the litigation may serve as his own "credible witness" in fulfilling the requirements of this article. Lakewood Estates Homeowner's Ass'n, Inc. v. Markle , 2002-1864 (La. App. 4 Cir. 4/30/03), 847 So.2d 633, writ denied , 2003-1511 (La. 9/26/03), 854 So.2d 362 ; Deubler Elec. Inc. v. Knockers of Louisiana, Inc. , 95-372 (La. App. 5 Cir. 11/15/95), 665 So.2d 481. However, the corroborating circumstances that are required must come from a source other than the plaintiff. Regel L. Bisso, L.L.C. v. Stortz , 11-25 (La. App. 5 Cir. 10/25/11), 77 So.3d 1033 ; Lakewood Estates Homeowner's Ass'n, Inc. v. Markle , supra . Whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact. Lakewood Estates Homeowner's Ass'n, Inc. v. Markle , supra .
A party may offer his own testimony in support of a claim of an oral contract in excess of $500, but must show other circumstances which corroborate his claim. Although corroboration is required, only general corroboration must be shown, not independent proof of every detail of his testimony. The question of whether evidence offered by the plaintiff corroborates his claim under an oral contract is a finding to be made by the trier of fact, and is therefore not subject to reversal unless clearly wrong. Taylor v. Dowden , 563 So.2d 1294 (La. App. 3 Cir. 1990), writ denied , 568 So.2d 1057 (La. 1990) ; Lakewood Estates Homeowner's Ass'n, Inc. v. Markle , supra ; Lee Eyster & Associates, Inc. v. Favor , 504 So.2d 580 (La. App. 4 Cir. 1987), writ denied , 507 So.2d 232 (La. 1987) ; Deubler Elec. Inc. v. Knockers of Louisiana, Inc. , supra .See also Hilliard v. Yarbrough , 488 So.2d 1038 (La. App. 2 Cir. 1986).
An obligation to pay the debt of another, as guarantor or surety, must be *675 in writing. Cole v. Joshua , 575 So.2d 859 (La. App. 2 Cir. 1991) ; Deubler Elec. Inc. v. Knockers of Louisiana, Inc. , supra .
DISCUSSION
In brief, the plaintiff argues that the testimony and the evidence it presented pertaining to the attorney/client relationship with the Ellingtons were credible and unchallenged. At oral argument, it contended that it submitted sufficient corroborating evidence.
The plaintiff has failed to distinguish the law relied upon by the trial court or explain to this court why we are not obligated to follow it. The fact that the trial court found Brian to be a credible witness is not sufficient to satisfy the plaintiff's burden of proof in the instant case. See Hilliard v. Yarbrough , supra ; Deubler Elec. Inc. v. Knockers of Louisiana, Inc. , supra . La. C.C. art. 1846 requires corroboration for a contract in excess of $500. The testimony of the attorney and the submission of demand letters attested to by him are insufficient under La. C.C. art. 1846. See Regel L. Bisso, L.L.C. v. Stortz , supra .[3] Our review of the email exchange between Brian and Noble, which was admitted during Brian's testimony, fails to reveal anything indicating that Noble and Ryan agreed to Brian representing them individually or that they agreed to be personally responsible for paying the company's legal bill. The same is true of the invoices attested to by the firm's bookkeeper and admitted into evidence through her testimony.
Like the trial court, we are constrained to find that the plaintiff failed to carry its burden of proof as to the individual defendants. The trial court made factual findings based upon the testimony and evidence adduced at trial. We find no error in the trial court's ruling. Accordingly, we affirm the trial court judgment granting the plaintiff recovery against the company but not against the Ellingtons individually.
CONCLUSION
The trial court judgment is affirmed. Costs of this appeal are assessed to the appellant, the Law Office of Brian E. Crawford, L.L.C.
AFFIRMED.

The law firm's detail transaction file list contained several references to depositions, including a "1442 deposition" (an organization deposition under La. C.C.P. art. 1442 ).

Unfortunately, no documents from this litigation or the prior case in which Brian provided representation were admitted at trial.

In Price Farms, Inc. v. McCurdy , 45,409 (La. App. 2 Cir. 7/7/10), 42 So.3d 1099, this court discussed several examples found in the jurisprudence of evidence that successfully supplied corroboration under La. C.C. art. 1846 (or its predecessor, La. C.C. art. 2277 ). They included: the testimony of a second witness giving an eyewitness account of the making of the contract (Dennis Miller Pest Controls, Inc. v. Wells , 320 So.2d 590 (La. App. 4 Cir. 1975), writ denied , 323 So.2d 806 (La. 1976), and Dunham v. Dunham , 467 So.2d 555 (La. App. 1 Cir. 1985), writs denied , 469 So.2d 989, 990 (La. 1985) ); and prior contracts between parties which corroborated the testimony of one of them concerning the making of another contract by the same parties (James M. Vardaman & Co. v. Ponder , 443 So.2d 697 (La. App. 1 Cir. 1983), writ denied , 446 So.2d 317 (La. 1984) ).